# Bluitt *v.* The State.

## *Murder.*

(Decided May 24, 1909. 49 South. 854.)

1. *Homicide; Manslaughter; Malice.*—Malice is not an essential ingredient of manslaughter.

2. *Same; Instructions; Self Defense.*—A charge asserting that if defendant did not bring on the difficulty and had no reasonable way of escape, and shot deceased under circumstances which would lead a reasonable man to believe that it was necessary for him to shoot in order to save his own life, or to save himself from great bodily harm, he should not be convicted, pretermitted defendant's freedom from fault in provoking the difficulty, and was properly refused.

3. *Same.*—A charge asserting that defendant could not be convicted unless he shot the deceased unlawfully, and that if he did not bring on the difficulty, and could not have retreated without increasing his danger, and shot deceased under circumstances which would lead a reasonable man to believe, and did lead the defendant to believe that it was necessary to shoot in order to save himself from death or from serious bodily harm, then he did not shoot unlawfully, was properly refused as misleading, in pretermitting freedom from fault in provoking the difficulty.

4. *Same.*—The burden of showing that a defendant was not free from fault in provoking the difficulty is upon the state, and hence, it was error to refuse to charge that it was not necessary that defendant should have been actually in danger of death or great bodily harm at the time he killed deceased, or that retreat would have really increased his peril, in order for him to be justified in shooting deceased, but that he was authorized to act on the appearance of things at the time taken in the light of all the evidence, and that he could interpret the conduct of deceased in the light of any threats made by the deceased against him, and that if the circumstances were such as to justify a reasonable man in the belief that he was in

danger of death, or great bodily harm, and could not have retreated without adding to his peril, and he honestly believed such was the case, he was entitled to shoot deceased in self defense, though he was not in danger actually and retreat would not have endangered his personal safety.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Rich Bluitt was convicted of manslaughter, and he appeals. Reversed and remanded.

For opinion on former appeal, see 151 Ala. 41, 44 South. 84.

The following charges were refused to the defendant: "(4) I charge you, gentlemen of the jury, that you cannot convict the defendant unless you believe from the evidence that the defendant shot the deceased unlawfully and with malice. (5) I charge you that if you believe from the evidence that defendant did not bring on the difficulty, and had no reasonable way of escape, and he shot deceased under circumstances which would lead a reasonable man to believe that it was necessary for defendant to shoot in order to save his own life, or to save himself from great bodily harm, then you cannot convict the defendant. (6) I charge you that you cannot convict the defendant unless you believe that he shot the deceased unlawfully; and if you believe from the evidence that the defendant did not bring on the difficulty, that he could not have retreated without increasing his danger, and that he shot the deceased under circumstances which would lead a reasonable man to believe, and did lead the defendant to believe, that it was necessary to shoot in order to save his life, or to save himself from serious bodily harm, then he did not shoot the deceased unlawfully. (7) I charge you that if you believe from the evidence that defendant did not bring on the difficulty with Davenport, that he could not have retreated without increasing his danger, and that he

shot under circumstances which would lead a reasonable man to believe, and did lead the defendant to believe, that it was necessary to shoot in order to save his own life, or to save himself from serious bodily harm, then it is immaterial whether Davenport had a pistol or not, and you should find the defendent not guilty. (8) I charge you that if defendant did not bring on the difficulty, and could not have retreated without increasing his danger, and the circumstances were such as to lead a reasonable man to believe, and did lead the defendant to believe that it was necessary to shoot in order to save himself from serious bodily harm, or to save his own life, then the defendant had a right to shoot, whether the deceased in fact had a pistol or not, and you should not convict him." "(13) It is not necessary, under the evidence in this case, that defendant should have been actually in danger of death or great bodily harm at the time he killed Davenport, or that retreat would have really increased his peril, in order for him to be justified in shooting Davenport. He had the right to act on the appearance of things at the time, taken in the light of all the evidence, and he had the right to interpret the conduct of Davenport in the light of any threat that the evidence proves Davenport to have made against the defendant. If the circumstances attending the killing were such as to justify a reasonable man in the belief that he was in danger of great bodily harm or death, and that he could not have retreated without adding to his peril, and he honestly believed such to be the case, then he had the right to shoot Davenport in his own defense, although as a matter of fact he was not in actual danger, and retreat would not have endangered his personal safety; and if the jury believe that the defendant acted under such conditions and circumstances as above set out, the burden of showing that he was not free from fault in bringing on the difficulty is on the

state, and, if not shown, the jury should acquit the defendant."

A. F. FITE, and LEITH & GUNN, for appellant.—The court erred in refusing charge 13.—*Holmes v. The State,* 100 Ala. 84; *Bluitt v. The State,* 151 Ala. 41.

ALEXANDER M. GARBER, Attorney-General, for the State.

ANDERSON, J.—The defendant was tried for manslaughter, not murder; and as malice is not an essential ingredient of manslaughter, charge 4, by the defendant, was properly refused.

Charges 5, 6, 7, and 8, requested by defendant, were properly refused. If not otherwise bad, they were faulty and misleading in pretermitting defendant's freedom from fault in provoking the difficulty. He may not have actually brought on the difficulty, but may have, by some word or deed, provoked or contributed to same, yet the jury could be misled by the charges to the exoneration of the defendant, unless he actually, solely, and entirely brought on the difficulty.

Charge 13, refused the defendant, should have been given. It is an exact copy of charge 26 held good upon the former appeal, 151 Ala. 41, 44 South. 84. The evidence is not so changed upon the present appeal as to render it abstract. Nor can its refusal be justified because duplicated by given chages, as none of the given charges, disclosed by the record, cover said charge.

The judgment of the law and equity court is reversed and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and MCCLELLAN, JJ., concur.