# McCutcheon *v.* The State.

## *Murder.*

(Decided May 30, 1912.   59 South. 714.)

1. *Homicide; Self Defense.*—Right of self defense is not dependent on actual danger of death or great bodily harm, or that retreat would increase the peril, but permits one when attacked to act on appearances—to take the situation in the light of all the circumstances, and to interpret the conduct of the assailant in the light of his threats; therefore, if the circumstances are such as to justify a reasonable man in the reasonable belief that he is in danger of great bodily harm or death, and he cannot retreat without adding to his peril, and honestly believes this to be the case, he has the right to act in self defense.

2. *Same; Bringing on Difficulty; Burden of Proof.*—Where a defendant is justified in the exercise of his right of self defense, the burden of showing that he was not free from fault in bringing on the difficulty rests with the State.

3. *Same.*—Where it appeared from the evidence that the deceased threatened defendant's life just before or at the time of advancing on him, and that the rock thrown by defendant which resulted in deceased's death was thrown after such threats were made, a charge on self defense was not abstract as applied to the case.

4. *Charge of Court; Reasonable Doubt.*—While the word "supposition" is not to be commended for use in a charge on reasonable doubt, its use in such charge does not render the charge bad, where the charge is otherwise correct.

5. *Same.*—Where the evidence is partially circumstantial, the innocence of the defendant must be presumed until his guilt is established by evidence in all the material aspects of the case beyond a reasonable doubt, and to a moral certainty.

APPEAL from Morgan Circuit Court.

Heard before Hon. D. W. SPEAKE.

Thomas McCutcheon was tried for murder, convicted of manslaughter, and he appeals. Reversed and remanded.

The following are the charges mentioned in the opinion:

(M) "It is not necessary, under the evidence in this case, that the defendant should have been in actual dan-

[McCutcheon v. The State.]

ger of death or great bodily harm at the time he killed
Hood, if you find that he did kill him, or that retreat
would have really increased his peril, in order for him
to be justified in throwing the rock and killing Hood.
He had the right to act on the appearances of things at
the time taken in the light of all the evidence, and he
had the right to interpret the conduct of Hood in the
light of any threat that the evidence proved Hood to
have made against the defendant. If the circumstances
attending the killing were such as to justify a reasona-
ble man in the belief that he was in danger of great bod-
ily harm or death, and that he could not have retreated
without adding to his peril, and he honestly believed
such to be the case, then he had the right to strike or
throw the rock at Hood in his own defense, although as
a matter of fact he was not in actual danger, and re-
treat would not have endangered his personal safety,
and if the jury believed that the defendant acted under
such conditions and circumstances as above set forth,
the burden of showing that he was not free from fault
in bringing on the difficulty is on the state, and, if not
shown, the jury should acquit."

(F) "You cannot find the defendant guilty, unless
you believe him guilty beyond all reasonable supposi-
tion."

(L) "The court charges the jury that the evidence in
this case is partly circumstantial, and his innocence
must be presumed by the jury until his guilt is estab-
lished by evidence, in all the material aspects in the
case, beyond a reasonable doubt and to a moral cer-
tainty."

C. L. PRICE, CALLAHAN & HARRIS, and TIDWELL &
SAMPLE, for appellant. The only questions raised is as
to the refusal of certain charges. Charges B and K cor-

7 CA

rectly state the law with respect to manslaughter in the first degree.—Section 7090, Code 1907; *Fowler v. The State,* 161 Ala. 7; *Reynolds v. The State,* 45 South. 894. Charges C and E raise the same question, and were correct statements of law.—*Griffin v. The State,* 150 Ala. 49. Charge L was improperly refused.—*Fowler v. The State,* and authorities supra. Charge M was improperly refused.—*Bluett v. The State,* 161 Ala. 14.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The substitution of the word "supposition" for "doubt" rendered charge F bad.—*Garrett v. The State,* 97 Ala. 18; *Baldwin v. The Satte,* 111 Ala. 1. Counsel discuss other charges and point out the defect therein, but without citation of authority.

PELHAM, J.—The trial of the defendant on an indictment charging murder resulted in conviction of manslaughter. No question is presented upon this appeal, except the ruling of the trial court in refusing a number of written charges requested by the defendant. Among the number refused is charge designated in the bill of exceptions as charge M. This charge, as it appears in the record, has been twice approved by the Supreme Court (*Bluitt v. State,* 161 Ala. 14, 49 South. 854; *Bluitt v. State,* 151 Ala. 41, 44 South. 84), and the principles of law embodied in it have been approved many times. The charge is not abstract as applied to this case, for while no threats were proven to have been made prior to the time the difficulty arose which resulted in the killing, it was shown by the evidence of the defendant and two or three of his witnesses that the deceased threatened the defendant's life just prior to or at the time of advancing upon him, and that the defendant

[Malchow v. The State.]

threw the rock which struck deceased and caused his death subsequent to the threats. The defendant had the right to interpret the conduct of the deceased in advancing on him in the light of this threat. The appropriateness of the other principles of law embodied in the charge as applicable to this case is apparent. This charge is not substantially covered by any given charge, and its refusal will require a reversal of the case.

It is not necessary to consider in detail the long list of refused charges. They may or may not enter into the consideration of another trial, and do not involve any new proposition or principle of law, but are along the line of the general run of charges in such cases that have been so often discussed as to need no special consideration. We call attention, however, to refused charge F, which was approved in *Griffin's Case*, 150 Ala. 49, 43 South. 197. Yet the word "supposition" used in a charge is not to be commended.—*Baldwin v. State*, 111 Ala. 11, 20 South. 528; *Yarbrough v. State*, 105 Ala. 43, 16 South. 758; *Garrett v. State*, 97 Ala. 18, 14 South. 327. Refused charge L is the same charge as approved by the Supreme Court in *Fowler's Case*, 155 Ala. 21.

Reversed and remanded.