# Gibson *r*. The State.

## *Manslaughter.*

(Decided June 24, 1913.    62 South. 895.)

1. *Trial; Conduct of Counsel; Presentation of Evidence.*—Where a witness for defendant on the cross-examination admitted that on the preliminary trial, he attempted to illustrate the position occupied by the defendant and deceased at the time of the killing, but refused to repeat the demonstration or describe the position assumed, it was not error for the court to permit the solicitor to place himself in a certain position relative to another person present, and ask the witness if that was not the position to which he testified at the preliminary hearing; such being competent as affecting the credibility of the witness.

2. *Appeal and Error; Review; Matter for Bill of Exception.*— Where the bill of exceptions does not show any ruling of the court or any exception concerning a remark made by one of the parties engaged in a demonstration of evidence, the court cannot on appeal review the action of the trial court in permitting such remark to remain before the jury.

3. *Homicide; Self-Defense.*—It was improper to refuse a charge asserting that if the circumstances were such as to lead a reasonable man to believe he was in danger, and defendant did believe it, he was justified, even though he was not in danger, and the burden in such an event would be upon the state to prove that defendant was without fault in bringing on the difficulty, where there was evidence to which such charge was applicable.

APPEAL from Choctaw Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Joe Gibson was convicted of manslaughter in the first degree, and he appeals. Reversed and remanded.

The following is charge 2: "The court charges you, gentlemen, that if the circumstances attending the killing of deceased were such as would justify a reasonable man in the belief that he was in danger of great bodily harm or death, and that he could not retreat without adding to his peril, and defendant believed such to be the case, he was justified in cutting deceased, although he was not in actual danger, and retreat would not have

[Gibson v. The State.]

added to his peril, and if defendant acted under such circumstances, the burden of showing that he was not free from fault in bringing on the difficulty is on the state."

GRAY & BOSWELL, W. A. GUNTER, and TILLEY & EL-MORE, for appellant. The demonstration and the remarks accompanying were improper, and highly prejudicial, and the court was in error in permitting it. The court was also in error in refusing to give charge 2 requested by defendant.—*Bluett v. State,* 151 Ala. 41; *Deal v. State,* 136 Ala. 52.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The bill of exceptions is a patent violation of rule 32, and should be stricken.—*Lucas v. Mayes,* 2 Ala. App. 497; *Hester v. Cantrell,* 169 Ala. 490; *L. & N. v. Hall,* 131 Ala. 161. Charge 2 was properly refused, as the burden is on defendant to show a pressing necessity.—*Naugher v. State,* 105 Ala. 26; *Compton v. State,* 110 Ala. 24; *Linnehan v. State,* 113 Ala. 70. It also ignores defendant's belief as to reasonableness of escape.—*Jones v. State,* 76 Ala. 8; *Harris v. State,* 96 Ala. 24.

WALKER, P. J.—One Dave Rudder, a witness for the defendant, testified to some of the details of the affray between the defendant and the deceased in which the latter was killed. On his cross-examination after he had failed to answer questions calling for a description of the respective positions of the defendant and the deceased while the fight was in progress, in answer to a question asking if he did not, on the preliminary trial of the defendant, get down on the floor and show in what position the deceased was, he stated that he tried

to show it, but failed. After the witness had declined to undertake to describe or show to the jury what the deceased's position was, the solicitor offered to put himself in a position on the floor with reference to another person, and to ask the witness if that was not the position he said on the preliminary hearing that the deceased and the defendant were in. The defendant excepted to the action of the court in overruling his objection to this demonstration being permitted to be made. We are not of opinion that the court was in error in this ruling. The demonstration, and the question asked in connection with it, amounted to nothing more than a description of the position, and an inquiry to the witness if that was not the position which he had previously stated was the one occupied by the deceased at the time inquired about. The witness having declined to give either a description or a demonstration of the position of the defendant with reference to the deceased when called upon to do so, the prosecution was entitled to elicit his admission or denial of the fact that on a previous occasion he had shown what was the position inquired about and to ask him if a position which another assumed in his presence was not the position shown by him on such previous occasion. The answer of the witness to the question, or his failure to answer it, might be well worthy of consideration on the inquiry as to the weight which should be accorded to his testimony, as indicating his frankness or lack of frankness, or his bias or freedom from bias in testifying in reference to the occurrence which was under investigation. The mode of inquiry was not an improper one on a cross-examination seeking to test the accuracy of the witness and the fairness of his testimony.

In the argument of the counsel for the appellant much stress is laid upon the alleged impropriety in the action

[Bone v. The State.]

of the court in permitting a remark, made by one of the persons who engaged in the demonstration in connection with which the witness was interrogated, to remain before the jury as evidence. Of that incident it is enough to say that the bill of exceptions does not show that the court made any ruling in reference to it, or that an exception to such ruling was reserved. No action of the court in reference to that remark is presented for review.

The court was in error in refusing to give the written charge which is designated "2" in the margin of the record. There was an aspect of the evidence in the case to which it was applicable. That it should have been given is shown by the rulings made in *Bluett v. State,* 151 Ala. 41, 44 South. 84, and *Bluitt v. State,* 161 Ala. 14, 49 South. 854.

Other questions presented need not be passed on, as they are such that they may not arise in another trial.

Reversed and remanded.