# Tyus v. The State.

## Murder.

(Decided January 20, 1914. 64 South. 516.)

1. *Homicide; Self-Defense; Apprehension of Danger.*—A charge asserting that it was not necessary that defendant should have been actually in danger of death or great bodily harm, or that retreat would have increased his peril, to justify his killing of deceased; that he could act upon appearances, and if the circumstances justified a reasonable man in the belief that he was in danger of death or great bodily harm, and that he could not retreat without additional peril, he had a right to kill in self-defense, not being abstract as referred to the evidence in this case, was proper and should have been given.

2. *Same; Burden of Proof.*—Where defendant shows a killing in self-defense, under apprehension and appearance of danger, the burden of showing that he was at fault in bringing on the difficulty is on the state.

APPEAL from Autauga Circuit Court.

Heard before Hon. W. W. PEARSON.

Randolph Tyus was convicted of murder and he appeals. Reversed and remanded.

HILL, HILL, WHITING & STERN, and P. E. ALEXANDER, for appellant. Evidence as to confessions are not admissible before the proof of the corpus delicti.—*Calvert v. State,* 51 South. 311. The court misplaced the burden of proof in requiring that defendant should prove that he was not the aggressor after defendant had shown necessity to take life, and that he could not retreat without increasing his peril.—*McBride v. State,* 156 Ala. 44; *Blewett v. State,* 151 Ala. 41; *Lewis v. State,* 120 Ala. 340; *Wilkins v. State,* 98 Ala. 1. The charge requested by defendant should have been given. *Bone v. State,* 62 South. 455; *Blewett v. State, supra;* s. c. 161 Ala. 16; *Gibson v. State,* 62 South. 895; *Black v. State,* 59 South. 692.

R. C. BRICKELL, Attorney General, T. H. SEAY, Assistant Attorney General, and EUGENE BALLARD, for appellee. The oral charge of the court must be considered as a whole, and if when so considered no error appears, no ground for reversal is shown.—*Lewis v. State,* 120 Ala. 344; *Shelton v. State,* 144 Ala. 106. Where there is a conviction for manslaughter, charges relative to the higher degrees are rendered harmless.—*Harrison v. State,* 144 Ala. 20; *Blewett v. State,* 151 Ala. 41. The authorities cited by appellant in support of refused charge 16 are not applicable as said charge was argumentative, confusing and misleading.—*Dargan v. State,* 72 Ala. 173; *Shelby v. State,* 97 Ala. 87. Charge 3 was also properly refused.—*Mitchell v. State,* 113 Ala. 65; *Evans v. State,* 109 Ala. 11.

PELHAM, J.—The transcript contains no charges given at the request of the defendant, but set out in the bill of exceptions signed by the trial judge are several refused charges. Counsel for defendant in brief refers to but one of these charges, and insists that its refusal constitutes reversible error. The charge pointed out is numbered 16, and is in the following language: "It is not necessary, under the evidence in this case, that the defendant should have been actually in danger of death or great bodily harm at the time he killed Bates, or that retreat would have really increased his peril, in order for him to be justified in shooting Bates. He had the right to act on the appearance of things at the time taken in the light of all the evidence. If the circumstances attending the killing were such as to justify a reasonable man in the belief that he was in danger of great bodily harm or death, and that he could not have retreated without adding to his peril, and he honestly believed such to be the case, then he had the right to

[Tyus v. The State.]

shoot Bates in his own defense, although as a matter of fact he was not in actual danger, and retreat would not have endangered his personal safety; and, if the jury believe that the defendant acted under such conditions and circumstances as above set out, the burden of showing that he was not free from fault in bringing on the difficulty is on the state, and, if not shown, the jury should acquit the defendant."

This charge, as is shown by the authorities cited in brief of appellant's counsel, has been more than once approved by the Supréme Court, and by this court in following the holdings of that court. The charge is not abstract as referred to the evidence, and its refusal by the trial court is error, for which the judgment of that court must be reversed.—*Bone v. State,* 8 Ala. App. 59, 62 South. 455; *Bluitt v. State,* 161 Ala. 16, 49 South. 854; *Bluett v. State,* 151 Ala. 50, 44 South. 84; *Black v. State,* 5 Ala. App. 87, 59 South. 692; *Langston v. State,* 8 Ala. App. 129, 63 South. 38; *McCutcheon v. State,* 5 Ala. App. 96, 59 South. 714; *Gibson v. State,* 8 Ala. App. 56, 62 South. 895.

Other questions presented need not be passed upon, as they are such that may not arise on another trial.

For the error in refusing the charge pointed out, an order of reversal must be entered.

Reversed and remanded.