# O'Rear v. The State.

### Murder.

(Decided June 30, 1914.   66 South. 81.)

1. *Jury; Competency.*—While the jury law (Acts 1909, p. 305),
supersedes former laws for the organization of jurors and prescribes
the qualifications of persons whose names are to be placed on the
jury roll and in the jury box, it does not declare who are competent
for the trial of a particular case, nor does it change the pre-existing
law on that subject.

2. *Same.*—A juror who will not inflict the death penalty on any
evidence, or on circumstantial evidence alone, is not a qualified juror
to sit in a case where the charge is murder in the first degree, and
the court may reject such juror on its own motion.

3. *Same; Qualification; Statutory Provision.*—The jury law of 1909
abrogates the former system of challenging jurors by the parties, and
the trial judge must determine not only whether the veniremen pos-
sess the general qualifications, but whether they are competent for
the particular case, and it is immaterial whether the court rejects
an unfit veniremen on its own motion, or on the suggestion of an-
other, or that incompetent jurors are not discovered by the prelimi-
nary inquiries before the lists are made up, provided they are discov-
ered at any time before the striking is begun, in which case, the
court should strike them of its own motion.

4. *Homicide; Self-Defense.*—Where a defendant was in actual im-
minent peril of life, or of suffering grievous bodily harm, when he
shot deceased, and the other conditions requisite to the exercise of
the right of self-defense were present, an honest belief on the part
of defendant in his peril was immaterial, and an inquiry as to its
existence will not be made, since the requirement of honest belief
is applicable only to reasonably apparent peril.

5. *Same.*—Where the circumstances attending the homicide were
such as to justify defendant in a reasonable belief that he was in
danger of death or great bodily harm, and that he could not retreat

[O'Rear v. The State.]

without increasing his peril, and he honestly believed such to be the case, he could shoot in self-defense, although as a matter of fact, he was not in actual danger, and a retreat would not have increased his peril, and the burden of showing that defendant was not free from fault in bringing on the difficulty is on the state.

APPEAL from Cullman Circuit Court.

Heard before Hon. D. W. SPEAKE.

William O'Rear was tried for murder in the first degree, convicted of murder in the second degree, and he appeals. Reversed and remanded.

Of the 89 special veniremen who answered at the trial 4 were excused for cause shown, and the remaining 85 being held competent jurors, were placed on a list a copy of which was duly served on defendant. Thereafter the court allowed the state, over the seasonable objection of defendant, to challenge 4 of the veniremen thus listed because of their disbelief in capital punishment, or of conviction on circumstantial evidence, and these 4 veniremen were excused by the court because of such disbelief, and defendant duly excepted. Defendant's evidence tended to make out a case of self-defense, and tended to show that at the time he shot and killed deceased, defendant was in actual and imminent peril of his life.

The trial court at the request of the state gave the following charge:

(1) Self-defense cannot be set up in this case by defendant if you find that the facts were not such as to warrant defendant in the reasonable belief that he was in imminent peril; and, if you are convinced that defendant did not entertain the honest belief that he was in imminent peril at the time of the difficulty, the defendant cannot plead self-defense in this case.

The following charge was refused to defendant:

(5) It is not necessary under the evidence in this case that defendant should have been actually in danger of

[O'Rear v. The State.]

death or great bodily harm at the time he killed deceased, or that retreating would have really increased his peril in order for him to have been justified in shooting deceased; he had the right to act on the appearance of things. If the circumstances attending the killing are such as to justify a reasonable belief that defendant was in danger of great bodily harm or death, and that he could not have retreated without adding to his peril, and he honestly believed such to be the case, then he had a right to shoot deceased in his own defense; although, as a matter of fact, he was not in actual danger, and retreat would not have endangered his personal safety. And if the jury believe that defendant acted under such conditions and circumstances as above set out, the burden of showing that he was not free from fault in bringing on the difficulty is on the state, and, if not shown, they should acquit defendant.

BROWN & GRIFFITH, for appellant. The present jury law found in Acts 1909, p. 305, is the sole law of Alabama on this subject, and repeals sections 7271 to 7281, inclusive, of the Code. The right to strike is, therefore, clearly a substitute to the right of challenge.—*Howard v. State,* 63 South. 753; *Spivey v. State,* 172 Ala. 393; *Patterson v. State,* 171 Ala. 6; *Gilmore v. State,* 126 Ala. 33. The right here complained of is not within the letter or spirit of rule 45.—Authorities supra. The court was in error in admitting the particulars of the former difficulty.—*Patterson v. State,* 156 Ala. 66; *Robertson v. State,* 155 Ala. 2; *Stallings v. State,* 142 Ala. 112; *McAnally v. State,* 74 Ala. 9. An aggressor may revive his right of self-defense by retiring in good faith from the conflict and announcing his desire for peace.—*Stillwell v. State,* 107 Ala. 16; *Bostwick v. State,* 94 Ala. 47; *Parker v. State,* 88 Ala. 4. The doctrine of real ne-

cessity is founded upon the actual existing conditions of the parties, and not upon the mental state of the slayer as to apparent necessity.—*Jackson v. State,* 77 Ala. 18; *Wilson v. State,* 140 Ala. 48; *Blewett v. State,* 151 Ala. 41. The charges of defendant being in explanation of the charges given for the state and asserting correct propositions of law, should have been given.—Authorities supra.

R. C. BRICKELL, Attorney General and T. H. SEAY, Assistant Attorney General, for the State. That the court did not err relative to the jury, has been passed upon too many times to require argument here. There was no error in admitting the coat worn by deceased at the time of the difficulty.—*Holley v. State,* 75 Ala. 14. The evidence admitted constituted a part of the res gestæ of the main difficulty in which the killing occurred.—*Jackson v. State,* 53 Ala. 472; *Smith v. The State,* 53 Ala. 486. The charges given for the state were free from error.—*Hinson v. State,* 112 Ala. 41; *Miller v. State,* 107 Ala. 40. Therefore the charges requested by defendant explanatory thereof were properly refused.

SOMERVILLE, J.—While the new jury law supersedes all former laws regulating the organization of juries (Special Sess. Acts 1909, p. 305, § 32), and prescribes certain qualifications for the persons whose names are to be placed on the jury roll and in the jury box (section 11), nevertheless, it does not undertake to declare who are competent persons for the trial of particular cases, and does not, in this respect, change preexisting law.

A person who will not inflict the death penalty upon any evidence, or upon circumstantial evidence alone, is not a competent and qualified juror in a first degree

[O'Rear v. The State.]

murder case, and it is the power and duty of the court, of its own motion, to reject such a venireman.—*Griffin v. State,* 90 Ala. 596, 599, 8 South. 670, and cases cited.

Section 32 of the jury law (page 319) provides: "On the day set for the trial, if the cause is ready for trial, the court must inquire into and, pass upon the qualifications of all the persons who appear in court in response to the summons to serve as jurors, and shall cause the names of all those whom the court may hold to be competent jurors to try the defendant or defendants to be placed on lists and if there is only one defendant on trial shall require the solicitor to strike off one name and the defendant to strike off two names, * * * and they shall in this manner continue to strike names from the list until only twelve names remain thereon."

It is, of course, perfectly clear that the former system of challenging jurors by the parties is abrogated and superseded by the method now prescribed, as above quoted. It is equally clear, however, that the trial judge must determine, not only whether the veniremen possess the general qualifications prescribed by the jury law for jury service *in general,* but also whether they are competent jurors for the trial of *the case in hand.* This being the judge's duty, it is of no consequence whether he rejects an unfit venireman ex mero motu, or upon the suggestion of another. Justice is not concerned with the source of form of the information which reveals incompetence, but only with its resulting elimination from the jury box. Nor is it material that incompetents are not discovered by the preliminary inquiry before the lists are made up. If they be discovered at any time, at least before striking is begun, they should be stricken by the court. The action of the court in striking the names of the four veniremen who were shown to be incompetent for the trial of this case, was free from error.

If the defendant was in *actual* imminent peril of his life, or of serious bodily harm, at the time he shot deceased, and the other conditions requisite to the exercise of the right of self-defense were present, his honest belief in such peril is not material, and the law will make no inquiry as to its existence. The requirement of hon est belief is applicable only to a state of *reasonably apparent* peril.—*Jackson v. State,* 77 Ala. 18; *Dolan v. State,* 81 Ala. 17, 1 South. 707; 21 Cyc. 813b; 21 Cyc. 815c, and cases cited.

There was evidence from which the jury might have found that defendant was in *actual* imminent peril, and charge 1, given for the state, was erroneous in predicating the right of self-defense solely upon defendant's honest belief as to such peril. The charge would have been correct if conditioned upon a finding that defendant's peril was not real, but reasonably apparent only.

Charge 5, refused to defendant, correctly states the law of self-defense, and has been several times approved. —*Bluitt's Case,* 161 Ala. 17, 49 South. 854 (charge 13); *Bluett v. State,* 151 Ala. 41, 51, 44 South. 84 (charge 26). Its refusal was error.

We find no error in the giving or refusal ot other charges.

For the errors noted, the judgment will be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and GARDNER, JJ., concur.