(78 South. 317)

MINOR v. STATE. (8 Div. 556.)

(Court of Appeals of Alabama. March 12, 1918.)

HOMICIDE ☞116(1), 151(3) — JUSTIFIABLE HOMICIDE—SELF-DEFENSE.

It is not necessary that one be in actual danger, or that retreat would have increased his peril, to justify one in killing another; but it is sufficient if the circumstances were such as to justify a reasonable man in the belief that he was in danger of great bodily harm or death, and that he could not have retreated without adding to his peril, and he honestly believed such to be the case; and the burden is on the state to prove that he was not free from fault in bringing on the difficulty.

Appeal from Circuit Court, Limestone County; Osceola Kyle, Judge.

Robert Minor was convicted of murder, and he appeals. Reversed and remanded.

Callahan & Harris, of Decatur, for appellant. F. Loyd Tate, Atty. Gen., and Emmett S. Thigpen, Asst. Atty. Gen., for the State.

BRICKEN, J. The defendant was indicted for murder, was tried and convicted of murder in the second degree, and was sentenced to the penitentiary for a term of 17 years and 6 months. No question is presented on this appeal, except the ruling of the trial court in refusing the following written charge requested by the defendant:

"It is not necessary under the evidence in this case that the defendant should have been in actual danger of death or great bodily harm at the time he killed Hardiman, or that retreat would have really increased his peril, in order for him to be justified in firing the fatal shot. He had the right to act on the appearance of things at the time, taken in the light of all the evidence, and he had the right to interpret the conduct of Hardiman in the light of any threat that the evidence proved Hardiman to have made against the defendant. If the circumstances attending the killing were such as to justify a reasonable man in the belief that he was in danger of great bodily harm or death, and that he could not have retreated without adding to his peril, and he honestly believed such to be the case, then he had the right to shoot in his own defense, although as a matter of fact he was not in actual danger, and retreat would not have endangered his personal safety, and if the jury believe from the evidence that the defendant acted under such conditions and circumstances as above set forth, the burden of showing that he was not free from fault in bringing on the difficulty is on the state, and, if not shown, the jury should acquit."

This charge as it appears in the record has been approved repeatedly by the Supreme Court and by this court. Bluett v. State, 151 Ala. 50, 44 South. 84; Bluitt v. State, 161 Ala. 16, 49 South. 854; O'Rear v. State, 188 Ala. 71, 66 South. 81; McCutcheon v. State, 5 Ala. App. 96, 59 South. 714; Langston v. State, 8 Ala. App. 129, 63 South. 38; Black v. State, 5 Ala. App. 87, 59 South. 692; Gibson v. State, 8 Ala. App. 56, 62 South. 895; Tyus v. State, 10 Ala. App. 10, 64 South. 516. There was error in refusing to give this charge. The charge is not abstract as applied to this case, and a careful examination of the oral charge of the court, together with the given charges, shows that the principles of law embodied in this charge were not fairly and substantially covered by the court in its oral charge, or given to the jury in any of the written charges requested.

For the error in refusing the written charge above set out, which is without number or letter, the judgment of conviction in the lower court must be reversed, and the cause remanded.

Reversed and remanded.