(81 South. 365)
OWEN et al. v. STATE. (7 Div. 591.)

(Court of Appeals of Alabama. March 18, 1919.)

1. CRIMINAL LAW ⊂⇒670—EVIDENCE—SHOWING OF MATERIALITY.

Where materiality of testimony sought to be elicited by question on cross-examination as to whether it was his father's custom, when witness was not in calling distance, to whistle between his fingers, was not apparent from question itself or from the evidence, or shown by statement of counsel, its exclusion was not error.

2. HOMICIDE ⊂⇒116(3, 4) — SELF-DEFENSE — "APPARENT IMMINENT PERIL."

To constitute a basis of apparent "imminent peril" as an element of self-defense, the circumstances must be such as to impress a reasonable man that he is in imminent peril of losing his life or of great bodily harm at hands of person slain, and defendant must entertain an honest belief that he is in actual danger when he strikes.

3. HOMICIDE ⊂⇒300(15) — SELF-DEFENSE — CHARGE.

A charge on self-defense pretermitting defendant's freedom from fault and the duty to retreat was properly refused.

Appeal from Circuit Court, Cleburn County; Hugh D. Merrill, Judge.

Shep Owen and John Berry Cheatwood were convicted of an offense, and they appeal. Affirmed.

J. Q. Smith, Atty. Gen., for the State.

BROWN, P. J. [1] The materiality of the testimony sought to be elicited by the question, "Wasn't the custom of your father, when you were not in calling distance, for him to whistle between his fingers?" asked the witness John Orbett Brown on cross-examination, was not apparent from the question itself or from the evidence in the case, and its materiality was not disclosed by statement of counsel, and the ruling of the court on the objection was free from error. Sellers v. State, 7 Ala. App. 78, 61 South. 485; McConnell v. State, 13 Ala. App. 80, 69 South. 333; Tittle v. State, 15 Ala. App. 306, 73 South. 142.

[2, 3] To constitute the basis of "apparent imminent peril" as an element of self-defense, the circumstances surrounding the defendant must be such as to impress a reasonable man that the defendant was in imminent peril of losing his life or of suffering great bodily harm at the hands of the person slain, and the defendant must entertain an honest belief that he is in actual danger at the time he strikes. Cain v. State, 77 South. 453,[2] and authorities there cited. Charge 1 refused to defendant is faulty for not clearly stating

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 201 Ala. 431.      [2] 16 Ala. App. 303.

this doctrine, and, besides, it pretermits the defendants' freedom from fault and the duty to retreat.  Parris v. State, 175 Ala. 1, 57 South. 857.

This disposes of the only two questions presented.  There is no error in the record.  Affirmed.