(81 South. 853)

### CARROLL v. STATE. (8 Div. 640.)

(Court of Appeals of Alabama. April 8, 1919. On Rehearing, May 6, 1919.)

1. HOMICIDE ⬉96(4) — SELF-DEFENSE — APPARENT PERIL — DEFENDANT'S KNOWLEDGE OR BELIEF THAT PERIL WAS ONLY APPARENT.

If the peril of defendant was not real, but merely apparent, and defendant knew or honestly believed his peril was not real, but merely apparent, he would not be justified in making a deadly assault to extricate himself from such apparent peril.

#### On Rehearing.

2. HOMICIDE ⬉116(3, 4) — SELF-DEFENSE — "IMPENDING PERIL" — ACTUAL AND APPARENT PERIL—DEFENDANT'S BELIEF—IMPRESSION OF REASONABLE MAN.

In a case of actual impending peril, the law makes no inquiry as to the existence of circumstances which would impress a reasonable man with the honest belief that impending peril existed, nor as to the honest belief of defendant in such peril; while "apparent impending peril" means that defendant is surrounded by circumstances, when acting, such as would impress the mind of a reasonable person that he is in actual peril of losing his life or of suffering grievous bodily harm, that he could not retreat without increasing his peril, and though no such peril exists, if he honestly believes it exists, he may strike to save himself.

3. HOMICIDE ⬉300(2)—SELF-DEFENSE—INSTRUCTION—REAL OR APPARENT PERIL.

The use of the terms "real or apparent" in juxtaposition in the sentence, "provided the defendant honestly entertained the belief that there was real or apparent peril to his life," in a charge upon self-defense, is improper, in that it undertakes to inculcate the idea that, if the circumstances surrounding defendant were such as to impress a reasonable man with the belief that he was in impending peril, and the defendant honestly believed that his peril was merely apparent, and that there was no real necessity to strike, yet he would be justified.

Appeal from Circuit Court, Limestone County; Robert C. Brickell, Judge.

Marshall Carroll was convicted of a crime, and he appeals. Affirmed.

W. R. Walker, of Athens, for appellant. J. Q. Smith, Atty. Gen., and Horace Wilkinson, Asst. Atty. Gen., for the State.

BROWN, P. J. The refusal of charge 6 requested by the defendant is made the basis of the only serious contention advanced by able counsel for appellant for a reversal of the judgment appealed from. The charge, as it appears in the record before us, is as follows:

"(6) I charge you that if the defendant had in good faith retired from the difficulty, and that he thereafter did nothing to provoke a fur-

---

ther difficulty, and did not enter willingly into any further difficulty, and that there arose a situation wherein he was in either real *or apparent* imminent danger of loss of life or grievous bodily harm, and the appearances were such at the time to impress upon the mind of a reasonably prudent person that there was such real *or apparent* imminent danger, and the defendant had no mode or means of retreat without increasing his real or apparent peril, then the defendant should not be convicted of any offense, provided defendant honestly entertained the belief that he was in real *or apparent* imminent peril to his life or grievous bodily hurt when he fired the shot at Jim McCowen." (Italics supplied.)

[1] If the peril of the defendant was not real, but merely apparent, and the defendant knew or honestly believed that his peril was not real, but was merely apparent, he would not be justified in making a deadly assault to extricate himself from such apparent peril. To justify under such circumstances the party resorting to extreme measures must entertain the honest belief that his peril is real and imminent. Shep Owen and John Berry Cheatwood v. State, 81 South. 365; 1 Bluett v. State, 151 Ala. 41, 44 South. 84. The refusal of the charge was not error.

The other questions presented are not insisted upon, and we find nothing that warrants further notice.

Affirmed.

### On Rehearing.

[2] That there is, in contemplation of law, a clear distinction between "actual impending peril," and "apparent impending peril" there can be no question. In a case of actual impending peril, the law makes no inquiry as to the existence of such circumstances as would impress a reasonable man with the honest belief that impending peril existed, nor as to the honest belief of the defendant in such peril (O'Rear v. State, 188 Ala. 71, 66 South. 81), while in the case of apparent impending peril, which means no more than that the defendant is surrounded by such circumstances at the time he acts as would impress upon the mind of a reasonable person that he is in actual peril of losing his life or suffering grievous bodily harm and that he cannot retreat without increasing his peril (though, in fact, no such peril exists), if he honestly believe there is an impending necessity to strike to save himself from death or grievous harm, the law, applying the rule that men can only be judged as ordinary men, because that is the only standard of men known to the law, justifies him. O'Rear v. State, supra; Bluett v. State, 161 Ala. 17, 49 South. 854; s. c. 151 Ala. 41, 44 South. 84; Dolan v. State, 81 Ala. 11, 1 South. 707; De Arman v. State, 71 Ala. 351.

[3] Though the peril is merely apparent, not actual, nevertheless, so far as the defendant's honest belief is concerned, it must be actual and imminent. Dolan v. State, supra. An honest belief that the peril is merely apparent has no place in the law of self-defense, and herein lies one of the vices of the charge in question. By the use of the terms "real or apparent" in juxtaposition in the sentence, "provided the defendant honestly entertain the belief that he was in real or apparent peril to his life," the charge undertakes to inculcate the idea that if the circumstances surrounding the defendant were such as to impress a reasonable man with the belief that the defendant was in impending peril, and the defendant honestly believed that his peril was merely apparent, not actual, and there was in fact no real necessity to strike, yet he would be justified.

The charge was subject to the further vice of using the term "real or apparent" in the sentence:

"And the appearances were such at the time to impress upon the mind of a reasonably prudent person that there was such real or apparent imminent danger."

These vices justified the refusal of the charge, and the application is overruled.

Application overruled.