(92 South. 518)

### TEEL v. STATE. (5 Div. 377.)*

(Court of Appeals of Alabama. Jan. 17, 1922. Rehearing Granted Feb. 21, 1922.)

**1. Homicide ☞300(13)—Requested instruction on self-defense defective as ignoring evidence as to aggression.**

In a murder trial, the evidence being conflicting as to who was the aggressor, and it being defendant's duty to retreat unless retreating would increase his peril, a request that, if defendant acted on a reasonable belief that it was necessary to kill to save himself, he should be acquitted, was properly refused.

**2. Criminal law ☞789(18)—Requested instruction as to reasonable doubt held defective.**

A request that, if there was one single fact proved to the satisfaction of the jury which is inconsistent with the defendant's guilt, this is sufficient to raise a reasonable doubt, and the jury should acquit defendant, was properly refused.

**3. Homicide ☞300(7)—No error in refusing abstract request on self-defense.**

In a murder trial it was not error to refuse an abstract request on self-defense.

**4. Criminal law ☞829(5)—No error to refuse request covered by oral charge.**

There is no error in refusing a request embodying a principle of self-defense included in the court's oral charge.

### On Rehearing.

**5. Homicide ☞300(13)—Refusal of requested instruction on self-defense held error, although it failed to hypothesize freedom from fault.**

In a murder trial it was error to refuse a request that, if the circumstances attending the killing were such as to justify a reasonable man in the belief that he was in danger of great bodily harm or death, and that he could not retreat without adding to his peril, and, if defendant honestly believed such to be the case, the defendant had a right to strike in his own defense though he was not in actual danger, and retreat would not have endangered his personal safety, and the burden of showing that he was not free from fault in bringing on the difficulty is on the state, even though the request failed to hypothesize freedom from fault.

Appeal from Circuit Court, Chilton County; B. K. McMorris, Judge.

Robert Teel was indicted for murder in the first degree, convicted of manslaughter in the first degree, and he appeals. Reversed and remanded.

It is alleged that Teel killed Gordon Jones by striking him with a stick. The difficulty occurred in a tie yard, where both the defendant and the deceased were hauling and banking ties. The evidence was in sharp conflict as to who was the aggressor, and as to the matter of self-defense, but it was undisputed that the deceased died from the effects of a blow on the head from a stick in the hands of the defendant. The following are the charges refused to the defendant:

Charge 1. I charge you, gentlemen, that if, after weighing all the evidence in this case, your minds are left in such a state of uncertainty that you cannot say beyond a reasonable doubt whether the defendant acted upon a well-founded and reasonable belief that it was necessary to take the life of the deceased to save defendant from great bodily harm or death, or that defendant struck before such impending necessity arose, then this is such a doubt as would entitle the defendant to an acquittal, and your verdict should not be guilty.

Charge 2. I charge you, gentlemen of the jury, that, if there is one single fact proved to the satisfaction of the jury which is inconsistent with the defendant's guilt, this is sufficient to raise a reasonable doubt, and you should acquit him.

Charge 7. The court charges the jury that

it is not necessary under the evidence in this case that the defendant should have been actually in danger of death or great bodily harm at the time he killed the deceased in order for him to have been justified in killing the deceased. He had the right to act upon the appearances of things at the time, taken in connection with the light of all the evidence; and he had the right to interpret the conduct of the deceased in the light of any threats the deceased is proven to have made against him, the defendant. If the circumstances attending the killing were such as to justify a reasonable man in the belief that he was in danger of death or great bodily harm, and he honestly believed such to be the case, then he had the right to strike in his own defense, although, as a matter of fact, he was not in actual danger; and, if the jury believes that the defendant acted under such conditions and circumstances as above set out, they must find the defendant not guilty.

Charge A. It is not necessary under the evidence in this case that the defendant, Robert Teel, should have been in actual danger of death or great bodily harm at the time he killed Jones, or that retreat would have really increased his peril, in order for him to be justified in killing Jones. He had a right to act on the appearance of things at the time, taken in the light of all the evidence, and he had a right to interpret the conduct of Jones in the light of any threat that the evidence proved Jones to have made against the defendant, Teel. If the circumstances attending the killing were such as to justify a reasonable man in the belief that he was in danger of great bodily harm or death, and that he could not have retreated without adding to his peril, and he honestly believed such to be the case, then he had a right to strike in his own defense, although as a matter of fact he was not in actual danger, and retreat would not have endangered his personal safety; and, if the jury believe from the evidence that the defendant, Robert Teel, acted under such conditions and circumstances as above set forth, the burden of showing that he was not free from fault in bringing on the difficulty is on the state, and, if not shown, the jury should acquit the defendant.

Charge C. The bare fear of the commission of the offense, to prevent which the defendant used a deadly weapon, is not sufficient to justify it; but the circumstances must be sufficient to excite the fears of a reasonable man, and the attacking party must have acted under the influence of such fear alone. It is not necessary, however, to justify the use of a deadly weapon that the danger be actual. It is enough that it be apparent danger, such an appearance as will induce a reasonable person in defendant's position to believe that he was in immediate danger of great bodily harm. Upon such appearance the party may act with safety; nor will he be held accountable, though it would afterwards appear that the indication upon which he acted was wholly fallacious, and that he was in no actual peril. The rule in such a case is this: What would a reasonable person, a person of ordinary caution, judgment and observation, in the position of the defendant, seeing what he saw, and knowing what he knew, honestly believe from this situation and these surroundings? If such reasonable person, so placed, would have been justified in believing himself in imminent danger, then the defendant would be justified in believing himself in such peril, and in acting upon such appearance.

Thomas A. Curry and Reynolds & Reynolds, all of Clanton, and Hill, Hill, Whiting, & Thomas, of Montgomery, for appellant.

The court erred in refusing the charges requested by the defendant. 78 South. 317; 151 Ala. 50, 44 South. 84; 172 Ala. 368, 55 South. 801; 8 Ala. App. 129, 63 South. 38; 10 Ala. App. 10, 64 South. 516; 151 Ala. 56, 43 South. 808; 188 Ala. 71, 66 South. 81.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There was no error in the refusal of the charges. 100 Ala. 80, 14 South. 864, and cases cited by appellant.

MERRITT, J. The appellant was indicted for murder in the first degree, convicted of manslaughter in the first degree, and sentenced to the penitentiary for a term of five years. The only insistence of error on the part of the trial court is the refusal to give several written charges requested by the appellant.

[1] Charge 1 was properly refused. While this charge was held good in the case of Cheney v. State, 172 Ala. 368, 55 South. 803, it will be noted that in this case there was no duty devolving upon defendant to retreat, the difficulty having occurred in defendant's pool room, and there was no evidence that he was at fault in bringing on the difficulty. In the instant case the duty of retreat rested upon the defendant, if he could do so without increasing his peril, and the evidence is in sharp conflict as to who was at fault in bringing on the difficulty.

[2] Charge 2 was properly refused. Ex parte Davis, 184 Ala. 26, 63 South. 1010.

[3] In the case of Chaney v. State, 178 Ala. 44, 59 South. 604, the refusal to give charge 7 was held to be error, and said charge, with the elements of freedom from fault and retreat embraced, was approved in Bluett v. State, 151 Ala. 50, 44 South. 84. The court in Chaney's Case held that "the defendant was in his place of business, and did not have to retreat," and that "the undisputed evidence showed that the defendant did nothing to provoke the deceased before shooting." The charge was abstract, and there was no error in its refusal.

Charge A is a duplicate of charge 7, except that charge A does hypothesize retreat. It does not, however, hypothesize freedom from fault, and there was no error in its refusal.

[4] Charge C deals with the proposition that one is authorized to act upon the appearance of things, and that it is not necessary

that the danger be actual. This principle of law is included in the court's oral charge.

We find no error in the record, and the judgment of conviction is affirmed.

Affirmed.

### On Rehearing.

[5] In view of the fact that the latest expressions of the Supreme Court seem to hold that charge A should be given, irrespective of the hypothesis of freedom from fault, we are compelled to recede from the original opinion in this case. O'Rear v. State, 188 Ala. 71,. 66 South. 81; Minor v. State, 16 Ala. App. 401, 78 South. 317; Langston v. State, 8 Ala. App. 129, 63 South. 38; Tyus v. State, 10 Ala. App. 10, 64 South. 516.

The application for rehearing is granted, affirmance is set aside, and the cause is reversed and remanded.

Reversed and remanded.

---

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes