### KIRKLEY v. STATE. (6 Div. 309.)

(Court of Appeals of Alabama. Feb. 5, 1924.)

1. Homicide ☞300(3)—Error to refuse charge on self-defense.

In a prosecution for homicide, the court erred in refusing defendant's requested charge that it was unnecessary that defendant should have been actually in danger of death or great bodily harm, or that retreat would have really increased her peril; that she had the right to act on the appearance of things at the time, and the right to interpret the conduct of deceased in the light of any threats that deceased might have made; that if the circumstances were such as to justify a reasonable mind in the belief that she was in danger of great bodily harm, or death, and that she could not have retreated without adding to her peril and she honestly believed such to be the case, then she had the right to shoot deceased in her own defense, and the burden of showing that she was not free from fault was on the state.

2. Courts ☞91(1)—Decisions of the Supreme Court binding on Court of Appeals.

The decisions of the Supreme Court under the statute govern and are binding on the Court of Appeals.

3. Homicide ☞300(3)—Instruction as to right of self-defense to prevent great bodily harm held erroneously refused.

In a prosecution for homicide, the court erroneously refused defendant's charge that the law gives a person the same right to use such force as may be reasonably necessary under the circumstances by which he is surrounded, to protect himself from great bodily harm, as it

does to prevent his life being taken, and he may excusably use this necessary force to save himself from any felonious assault; such charge not being fairly covered by other charges.

**4. Homicide ⊚➝300(3)—Instruction as to rights of one threatened held erroneously refused.**

In a prosecution for homicide, the court erred in refusing defendant's requested instruction that if defendant had been threatened and there was reasonable ground for her to believe that deceased intended to take her life, or to inflict great bodily harm, then she had a right to arm herself for self-protection, provided her purpose was merely to defend herself from an assault by such person so threatening her, and that a person thus threatened would have a right to go to places where the party who had threatened her was, if such going was upon, or for purpose of attending to, business.

Appeal from Circuit Court, Fayette County; Ernest Lacy, Judge.

Aline Kirkley was convicted of manslaughter in the first degree, and appeals. Reversed and remanded.

Charge 12, refused to defendant, is a substantial copy of charge 34, set out in the report of Black v. State, 5 Ala. App. 87, 59 South. 692.

W. F. Finch, of Jasper, and Robert F. Peters, of Fayette, for appellant.

In a case where self-defense is involved, it is error to refuse to give the charge at defendant's request designated No. 3. Bluett v. State, 151 Ala. 41, 44 South. 84; Bluitt v. State, 161 Ala. 14, 49 South. 854; Richardson v. State, 191 Ala. 21, 68 South. 57; Thomas v. State, 18 Ala. App. 493, 93 South. 287. Charge 10. requested in writing by the defendant, should have been given, and it was error to refuse such charge. Twitty v. State, 168 Ala. 59, 53 South. 308; Mathis v. State, 15 Ala. App. 245, 73 South. 122; Black v. State, 5 Ala. App. 87, 59 South. 692. Charge 12, requested in writing, states a correct proposition of law, and should have been given. Black v. State, supra.

Harwell G. Davis, Atty. Gen., and O. B. Cornelius, Asst. Atty. Gen., for the State.

Charge 12 is argumentative, and was properly refused. It is not a correct statement of law. Black v. State, 5 Ala. App. 87, 59 South. 692; Montgomery v. State, 160 Ala. 7, 49 South. 902. Charge 3 is not predicated upon the evidence, and there was no error in its refusal. Davis v. State, 188 Ala. 59, 66 South. 67; McClain v. State, 182 Ala. 67, 62 South. 241; Welsh v. State, 96 Ala. 92, 11 South. 450; Perry v. State, 91 Ala. 83, 9 South. 279. Defendant's requested charge 10 was abstract.

BRICKEN, P. J. This appellant, a white woman, was indicted for the offense of murder in the second degree; the charge being that she killed one Sanders Dillard (her own uncle) by shooting him with a pistol.

Upon the trial of the case she was convicted of manslaughter in the first degree, the jury fixing her punishment at four years' imprisonment in the penitentiary. From the judgment based upon this verdict she appeals.

In considering this case we shall pretermit a discussion of the numerous insistences of error predicated upon the rulings of the court upon the admission and rejection of testimony. Each of these rulings has been examined, however, and in the opinion of the court no error appears in this connection of sufficient import to necessitate a reversal of the judgment appealed from, as it does not affirmatively appear by any of these rulings that the substantial rights of the defendant have been erroneously affected.

[1] The judgment must be reversed and the cause remanded, however, for the refusal by the court to give charge 3 requested in writing by defendant. Charge 3 is as follows:

"It is not necessary under the evidence in this case that defendant should have been actually in danger of death or great bodily harm at the time she shot the deceased, if you believe that she shot him, or that retreat would have really increased her peril, in order for her to be justified in shooting deceased. She had the right to act on the appearance of things at the time, taken in the light of all the evidence, and she had the right to interpret the conduct of the deceased in the light of any threats that the evidence shows the deceased to have made against defendant. If the circumstances attending the shooting were such as to justify a reasonable mind in the belief that she was in danger of great bodily harm or death, and that she could not have retreated without adding to her peril, and she honestly believed such to be the case, then she had the right to shoot the deceased in her own defense, although, as a matter of fact, she was not in actual danger, and retreat would not have endangered her personal safety, and if the jury believe that defendant acted under such conditions and circumstances as above set out, the burden of showing that she was not free from fault in bringing on the difficulty is on the state, and if not shown the jury should acquit the defendant."

The above charge was not abstract, under the evidence in this case, nor was it covered by the oral charge of the court or by the written charges given. The refusal of said charge has been held to be error many times by this court and by the Supreme Court. Black v. State, 5 Ala. App. 87, 59 South. 692; McCutcheon v. State, 5 Ala. App. 96, 59 South. 714; Gibson v. State, 8 Ala. App. 56, 62 South. 895; Bone v. State, 8 Ala. App. 59, 62 South. 455; Langston v. State, 8 Ala. App. 129, 63 South. 38; Tyus v. State, 10 Ala. App. 10, 64 South. 516; Minor v. State,

16 Ala. App. 401, 78 South. 317; Teel v. State, 18 Ala. App. 405, 92 South. 518, 520; Ex parte State, etc., 207 Ala. 349, 92 South. 606; O'Rear v. State, 188 Ala. 71, 66 South. 81; Richardson v. State, 191 Ala. 21, 68 South. 57; Glass v. State, 201 Ala. 441, 78 South. 819; Bluett v. State, 151 Ala. 50, 44 South. 84; Bluitt v. State, 161 Ala. 16, 49 South. 854.

[2] In the face of these numerous adjudications as to said charge, and possibly many others which might be collated, we are here asked to hold that the refusal of the charge was not error. This, of course, we cannot do, for, under the statute, the decisions of the Supreme Court of Alabama shall govern the holdings and the decisions of this court.

[3] As refused charge 10 was not fairly and substantially covered by the oral charge of the court, or by the given charges, its refusal was also error, as this charge appears to be an exact copy of charge No. 12 refused to defendant in Twitty v. State, 168 Ala. 59, 53 South. 308. In that case the court said:

"Charge 12, requested by the defendant, should have been given. It did not profess to set out the ingredients of self-defense, but dealt only with the question as to whether great bodily harm threatened is equal to life threatened, so as to justify the use of force."

See, also, Black v. State, 5 Ala. App. 87, 59 South. 692; Bone v. State, 8 Ala. App. 59, 70, 62 South. 455; Bailey v. State, 11 Ala. App. 14, 65 South. 422; Mathis v. State, 15 Ala. App. 245, 251, 73 South. 122; Crumley v. State, 18 Ala. App. 105, 89 South. 847; Arnold v. State, 18 Ala. App. 453, 93 South. 83; Richardson v. State, 204 Ala. 124, 85 South. 789.

[4] Refused charge 12, requested by defendant, was applicable to the case at bar and should have been given. Black v. State, supra. The refusal of this charge was error. See, also, Montgomery v. State, 160 Ala. 7, 49 South. 902.

This disposes of all the charges refused to defendant except charge 1, which was the affirmative charge in her behalf. This charge was properly refused.

For the errors indicated, the judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.