### HACKNEY v. STATE. (7 Div. 983.)

(Court of Appeals of Alabama. June 17, 1924.)

**1. Homicide ⬅151(3)—Burden of proving defendant not free from fault in bringing on difficulty·is on state.**

Where proof of homicide shows present impending peril to life or limb, and real or apparent necessity to take life, at time or under circumstances not requiring defendant to retreat, state has burden of proving beyond reasonable doubt that defendant was at fault or not free from fault in bringing on difficulty.

**2. Homicide ⬅118(3)—Defendant free from fault in bringing on difficulty occurring wholly within his home not bound to retreat.**

Where difficulty resulting in homicide occurred wholly within defendant's home, he was under no duty to retreat, if free from fault in bringing on difficulty.

Appeal from Circuit Court, Cleburne County; A. P. Agee, Judge.

Robert Hackney was convicted of manslaughter in the first degree, and appeals. Reversed and remanded.

Merrill & Jones, of Heflin, for appellant.

Where the evidence which proves a homicide shows a necessity, real or apparent, to take life, then the state has the burden of showing defendant was at fault in bringing on the difficulty. Roberson v. State, 183 Ala. 43, 62 South. 837; Prater v. State, 193 Ala. 40, 69 South. 539. No duty to retreat being required of defendant in this case, and the evidence showing a pressing necessity on his part to take the life of deceased, the burden was on the state to show that defendant was at fault in bringing on the difficulty. Fuller v. State, 16 Ala. App. 163, 75 South. 879; Tyus v. State, 10 Ala. App. 10, 64 South. 516; McGhee v. State, 178 Ala. 4, 59 South. 573; Gibson v. State, 89 Ala. 121, 8 South. 98, 18 Am. St. Rep. 96.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. [1] Where the evidence which proves the homicide shows a present impending peril to life or limb, and a necessity, real or apparent, to take life, at a time or under circumstances not requiring the defendant to retreat, the state has the burden of proving beyond a reasonable doubt that the defendant was at fault or was not free from fault in bringing on the fatal difficulty. Roberson v. State, 183 Ala. 43, 62 South. 837; Prater v State, 193 Ala. 40, 69 South. 539.

[2] In the instant case the difficulty which resulted in the homicide took place wholly within defendant's home. He was therefore under no duty to retreat if he was free from fault in bringing on the difficulty. The evidence is without conflict that there was a pending pressing necessity to take life, both real and apparent. The burden was therefore on the state to prove beyond a reasonable doubt that the defendant was at fault in bringing on the difficulty. Fuller v. State, 16 Ala. App. 163, 75 South. 879; Tyus v. State, 10 Ala. App. 10, 64 South. 516.

It would serve no good purpose to set out the evidence in this case. Suffice it to say: There appears to have been a very real and apparent necessity for the defendant to strike in order to defend his own life. There is no evidence tending to prove otherwise. Being in his own home, and free from fault. he was under no duty to retreat. The state offered no testimony which would authorize the jury to find that the defendant was at fault in bringing on the fatal difficulty. That being the case, the state has failed to make out its case, and the defendant is entitled to the general charge. For this error the judgment is reversed, and the cause is remanded.

Reversed and remanded.