### BELL v. STATE.   (7 Div. 78.)

(Court of Appeals of Alabama.   May 12, 1925.)

1. **Criminal law** ⚖➙829(5)—**Charge, as to defendant's right to interpret deceased's conduct in light of threats by him against defendant, held improperly refused.**

In murder prosecution, charge that defendant need not have been in actual danger to be justified in shooting, but had right to act on appearances at time and interpret deceased's conduct in light of any threat made against him by deceased, *held* improperly refused, part of it, notably that as to interpretation of deceased's conduct, not being covered by court's oral charge.

2. **Homicide** ⚖➙300(7)—**Requested charge, as to defendant's right to interpret deceased's conduct in light of threats, held not abstract.**

In murder prosecution, requested charge, that defendant had right to interpret deceased's conduct in light of threats against him by deceased, *held* not abstract, though evidence did not affirmatively show that defendant heard or knew of threats testified to.

Appeal from Circuit Court, DeKalb County;  W. W. Haralson, Judge.

Ira Bell was convicted of murder in the second degree, and he appeals.   Reversed and remanded.

J. V. Curtis and Baker & Baker, all of Fort Payne, for appellant.

The refusal of defendant's requested charge 5 was reversible error.  Bluett v. State, 151 Ala. 41, 44 So. 84; Id., 161 Ala. 14, 49 So. 854; Black v. State, 5 Ala. App. 87, 59 So. 692; McCutcheon v. State, 5 Ala. App. 96, 59 So. 714; Gibson v. State, 8 Ala. App. 56, 62 So. 895; O'Rear v. State, 188 Ala. 71, 66 So. 81; Tyus v. State, 10 Ala. App. 10, 64 So. 516; Minor v. State, 16 Ala. App. 401, 78 So. 317; Glass v. State, 201 Ala. 441, 78 So. 819; Cox v. State, 19 Ala. App. 205, 96 So. 83.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Charge 5 was abstract and well refused. 1 Mayfield's Dig. 808.

RICE, J.  [1] The defendant was convicted of the offense of murder in the second degree, and appeals.  No useful purpose could be served by a discussion of the evidence.

No exceptions were reserved on account of any rulings on the admission or rejection of testimony.   The defendant requested in writing the following charge:

"5. I charge you gentlemen of the jury that it is not necessary that the defendant should have been actually in danger of death or great bodily harm at the time he shot Long in order for him to be justified in shooting Long.  He had the right to act on the appearance of things at the time taken in the light of all the evidence, and he had the right to interpret the conduct of Long in the light of any threat that the evidence proves Long to have made against the defendant.  If the circumstances attending the shooting were such as to justify a reasonable man in the belief that he was in danger of great bodily harm or death, and he honestly believed such to be the case, then he had the right to shoot Long in his own defense, although as a matter of fact he was not in actual danger, and if the jury believe that the defendant acted under such conditions and circumstances as set out above, the burden of showing he was not free from fault in bringing on the difficulty is on the state, and if not shown the jury should acquit the defendant."

Charges similar in substance and principle to the above have been many times approved by this and the Supreme Court.  McCutcheon v. State, 5 Ala. App. 96, 59 So. 714;  Bluett v. State, 151 Ala. 41, 44 So. 84; Id., 161 Ala. 14, 49 So. 854;  Black v. State, 5 Ala. App. 87, 59 So. 692, and other cases that might be cited.  While portions of this charge are substantially covered by the very able oral charge of the trial court, a part of it is not so covered, notably the familiar principle that the defendant had the right to interpret the conduct of the deceased in the light of any threat that the evidence shows to have been made by the deceased against the defendant.

[2] The charge is not abstract as applied to this case, for even though the evidence did not show affirmatively that the defendant heard, or knew of the threats testified to by the witnesses, Wesley Bell and Mrs. Ira Bell, yet, we think, the fatal altercation taking place in the home of the defendant, and the witnesses named being his wife and son, whom the evidence shows to have been present at the time in the home, the jury could have inferred that the threats testified to by these witnesses, viz. that deceased said just before the fatal shooting "he was going to kill Ira Bell the s— of a b— in his own house" were heard by the defendant.  But without that, we are of the opinion that the testimony of the defendant himself that the deceased stated in defendant's presence to Janie Long, immediately at or before the shooting began, that he "was aiming to whip me (defendant) there in my own house", coupled with his further testimony that deceased reached for his gun, would keep the

said charge in the particular pointed out from being abstract.

For the refusal to give at defendant's request written. charge No. 5, above, let the judgment be reversed, and the cause remanded.

Reversed and remanded.