# Gregory *v.* The State.

### *Murder.*

(Decided Dec. 9th, 1906. 42 So. Rep. 829.)

1. *Criminal Law; Plea of Former Jeopardy; Requisite.*—A plea of former jeopardy which does not aver that the first conviction was by a court of competent jurisdiction, and held at a time provided by law for the holding of such court, or at an adjourned or special term of such court, called as provided by law, is open to demurrer.

2. *Same; Review; Harmless Error.*—The defendant cannot complain of a waiver by the state of the ground of challenge that the juror would not convict on circumstantial evidence, this ground being a ground of challenge exclusively to the state.

3. *Jury; Examination of Juror.*—The juror having stated that he had never been indicted, it was not error in the court to refuse to ask such juror if he had been indicted for murder in the past twelve months.

4. *Indictment; Conviction of Offense Included in Charge.*—Under an indictment for murder in the first degree, the state may introduce evidence to prove the offense charged, or any lower degree of such offense.

5. *Criminal Law; Evidence; Res Gestae; Declaration of Deceased.* The attending physician is properly permitted to testify to statements made by the deceased as to his symptoms, the locality and character of his pain, and his bodily condition, made while suffering, and made to enable the physician to form an opinion of the nature and extent of the injury.

6. *Homicide; Evidence; Dying Declaration.*—It was shown by the witness that he knew the deceased and saw him before he died, and deceased said to him that he was not doing well, that he was going to die and was dead already from the stom-

[Gregory v. The State.]

ach down. Held, a sufficient predicate on which to permit proof of dying declarations.

7. *Criminal Law; Review; Harmless Error; Admission of Evidence.*—It was not error, or if error, it was harmless to refuse to permit defendant to prove by a son of the deceased that the son had had trouble with defendant's children; the jury knew that witness was a son of decedent, and was prejudiced.

8. *Same; Cross Examination; Discretion of Court.*—It was within the discretion of the court to refuse to permit the defendant, on cross examination, to ask the witness if he was as certain about a particular matter as he was about everything else he had testified about, and not revisable.

9. *Homicide; Instruction; Sufficiency.*—A charge asserting that if the jury believe the killing of deceased was in a sudden rencounter, caused by the defendant, by the use of a deadly concealed weapon, the deceased having no deadly weapon drawn, then they must convict the defendant of murder in the second degree; but if they believe that the killing was a deliberate killing, then the defendant would be guilty of murder in the first degree, was not a good charge under the statute, but hypothesizing, as it does, the ingredients of murder in the second degree, is a good charge as to murder in the second degree, regardless of the statute. The part of said charge relative to murder in the first degree was harmless, as there was a conviction for a lower degree.

10. *Criminal Law; Trial; Instructions.*—A doubt, to justify an acquittal, must be an actual and substantial doubt, and not a mere possible doubt.

11. *Homicide; Defenses; Threats.*—The defendant is not justified in taking life of the deceased because of threats made by deceased against defendant, no matter how strong the threats.

12. *Same; Trial; Instructions.*—An instruction which directs the jury that it was their duty to convict defendant if they believed from all the evidence, beyond a reasonable doubt, that the defendant left his house, went up the public road, provoked a difficulty with deceased and inflicted wounds causing his death, is correct.

13. *Same.*—A charge attempting to set up self defense, which fails to hypothesize defendant's duty to retreat, is bad and properly refused.

14. *Criminal Law; Trial; Instructions.*—Where charges are asked in bulk and one of them is bad, the court will not be put in error for refusing them.

APPEAL from Cullman Circuit Court.

Heard before Hon. D. W. SPEAKE.

Millard M. Gregory was convicted of murder in the second degree, and appeals. The defendant was indicted for killing Bill Mann by shooting him with a pistol, convicted of murder in the second degree, and his punishment fixed at 12 years in the penitentiary.

In response to the indictment, on the second trial, he interposed the following plea: "And now comes the defendant, and pleads, and says that he ought not to be put to answer the indictment herein on the charge of murder in the first degree, he having been heretofore, at the February term, 1904, tried by a jury in this court upon said charge, and the jury in said trial returned into this court a verdict as follows: 'We, the jury, find the defendant guilty of murder in the second degree, as charged in the indictment, and fix his punishment at 12 years' imprisonment in the state penitentiary.' And the defendant says this is an acquittal of the charge of murder in the first degree, and he pleads it as such, and that the offense charged in the indictment now presented is the same offense, and the indictment is the same indictment, as in said former trial. Wherefore defendant prays judgment of the court here whether he should be compelled to answer the said indictment as to the charge of murder in the first degree." The solicitor who prosecutes for the state demurred to this plea: "Because it does not aver that the defendant had been tried under this indictment in this case, or for the same offense charged in this indictment, by a court of competent jurisdiction having authority to put defendant upon his trial, and that by a jury duly organized in such court the defendant was acquitted of the offense of murder in the first degree, charged in the indictment in this case. Because said indictment does not aver that defendant was tried at a term of the court authorized by law to be held." The court sustained the demurrer.

The juror Styles stated that he did not believe in convictions upon circumstantial evidence, and was not challenged by the state. The defendant offered to challenge the juror for cause, and the court declined to permit the challenge for cause, and the defendant excepted. The court asked the juror if he had ever been indicted for murder, and the juror answered, "No." The defendant

[Gregory v. The State.]

then requested the court to ask the juror if he had been indicted for murder in the last 12 months, but the court declined, stating that the witness had answered, denying that he had ever been indicted for that offense.

Dr. Baird was being examined as the physician who attended the deceased, and was permitted, over the objection of the defendant, to testify that the deceased said to him, when he was making an examination of him, that he had no feeling in feet or legs, and had burning in the stomach.

The witness McConnel testified that he knew Mann, that he saw him before he died, and that Mann said to him that he was not doing well, that he was going to die —was dead already from the stomach down. After this he was permitted, over the objection of the defendant, to state what happened, and what deceased said concerning the difficulty. The defendant objected to this on the ground that no proper predicate had been laid for the admission of dying declarations. The same objections were interposed to Patillo's testimony of dying declarations.

The charges requested by the state and given by the court are as follows: "(1) Gentlemen of the jury, if the killing of the deceased was in a sudden rencounter or affray, caused by the defendant, by the use of a deadly weapon, which was concealed before the commencement of the fight, the deceased having no deadly weapon drawn, and you believe this beyond a reasonable doubt, then you must convict the defendant of murder in the second degree; and if you believe beyond a reasonable doubt that the killing was a deliberate, premeditated killing, then the defendant would be guilty of murder in the first degree. (2) The fact, if it be a fact, that the deceased threatened to whitecap or whip the defendant is no excuse under the law to the defendant, if you are satisfied that he unlawfully killed the deceased. (3) I charge you, gentlemen of the jury, that the doubt that will justify the acquittal must be an actual and substantial doubt, not a mere possible doubt, because everything relating to human affairs and depending on moral evidence is open to some possible or imaginary doubt. (4) The court charges the jury

that the mere fact, if it be a fact, that the deceased made threats against the defendant, would not of itself be sufficient to justify the defendant in taking Manns' life. (5) Threats, standing alone, no matter how strong, are no justification for a homicide. (6) I charge you, gentlemen of the jury, that if you believe from the evidence beyond a reasonable doubt that the defendant is guilty, though you also believe it possible that he is not guilty, you must convict him. (7) I charge you, gentlemen of the jury, that if after considering all of the evidence, you have a fixed conviction of the truth of the charge, you are satisfied beyond a reasonable doubt, and it is your duty to convict the defendant. (8) Gentlemen of the jury, if you believe from the evidence in this case beyond a reasonable doubt that the defendant, on the 24th day of December, 1902, left his house and went up the public road, provoked a difficulty with the deceased, and shot him, inflicting wounds causing his death, then he has violated the law, and it is your duty to convict."

The manner of the asking for written instructions by the defendant is set out in the opinion. Charge 1 was as follows: "It is not necessary that there should be actual danger of death or great bodily harm in order to justify the taking of human life; but if the jury are satisfied, from all the evidence in the case, that the circumstances were such attending the fatal shots or the shooting as to impress the defendant with a reasonable belief that at the time of the fatal shot or shots it was necessary, in order to prevent death or great bodily harm to his person, then the jury must acquit the defendant, unless they further find from the evidence that the defendant was not free from fault in bringing on the difficulty."

F. E. ST. JOHN, GEORGE H. PARKER and JOHN A. LUSK, for appellant.—Construed in connection with the indictment the plea of jeopardy is good.—1 Mayfield pp. 491-3. The court went beyond its authority in asking jurors if they had ever been convicted for murder.—Subd. 4, § 5016, Code 1896. The court erred in admitting Mann's evidence as to the pistol being concealed.—*Henson v. State*, 114 Ala. 25. It was competent for the

defendant to show the fact that Mann had had a difficulty with the children of defendant on the day of the killing.—1 Mayfield, pp. 983-4; 5 Id. p. 1190; 4 Id. pp. 889-90; *Brown v. State*, 40 South. 1009. The objections to Patillo's testimony should have been sustained.—*Kirkland v. State*, 141 Ala. 47. The court erred in permitting the argument of the solicitor, objected to.—*McDonald v. People*, 9 Am. St. Rep. 547; 92 Am. St. Rep. 360, and notes. Charge 5 should have been given as requested by defendant.—*Smith v. State*, 68 Ala. 430; *Adams v. State*, 133 Ala. 175; *Newsome v. State*, 107 Ala. 134. So should charges 7 and 8.—*Compton v. State*, 110 Ala. 24. As well as charges 6 and 9.—*Carr v. State*, 106 Ala. 1; *Cohen v. State*, 50 Ala. 108; *Winslow v. State*, 76 Ala. 42; *Bain v. State*, 74 Ala. 38; *Williams v. State*, 52 Ala. 411; 117 Ala. 192. Charge 10 was proper.—5 Mayfield, p. 170. As to the motion made to strike from the bill of exceptions the recital of what purports to be charges given for defendant, in the condition there presented, the following authorities are cited: *Elliott v. Round Mountain*, 108 Ala. 640; *Cobb v. Daniel*, 105 Ala. 333; *Kyle v. Gadsden L. & I. Co.*, 96 Ala. 376; 2 Mayfield, p. 493.

MASSEY WILSON, Attorney General, for State.—The court did not err in refusing to permit evidence of difficulty between witness and defendant's children.—*Murphy v. State*, 117 Ala. 137; *Braham v. State*, 143 Ala. 38. It was competent to show where deceased got his pistol.—*Starke v. State*, 137 Ala. 9. The court did not err with reference to McConnell's testimony.—*Rains v. State*, 88 Ala. 91; *R. R. Co. v. Edmondson*, 135 Ala. 336. That defendant has a concealed pistol was an element of the offense.—§ 4856, Code 1896. As to the argument of the solicitor, see: *Peel v. State*, 39 South. 251; *Brown v. State*, 121 Ala. 9.

ANDERSON, J.—The plea of former conviction does not aver that the first conviction was by a court of competent jurisdiction. It avers that the conviction was at a time fixed by the "Lusk Bill," which has heretofore been condemned by this court, and at a time not

provided by law for holding the circuit court for Cullman county. Nor does it aver that the defendant was tried at an adjourned or special term of the court. The demurrer to the plea was properly sustained.

The court did not err in putting the juror Styles on the defendant. The fact that he would not convict on circumstantial evidence was a ground of challenge exclusively to the state.—Code 1896, § 5018. Defendant cannot complain of the state's waiving such a ground of challenge.—*Wasley v. State,* 61 Ala. 282. Subdivision 3 of section 5016 of the Code of 1896 fixes, among the grounds of challenge for cause, the fact that the juror 'has been indicted in the past twelve months for an offense of a similar character as that with which the defendant is charged." The court, therefore, had the right to ask the juror if he had been indicted for murder, but should have confined the inquiry to the past 12 months. The court, however, committed no reversible error in this respect, as the record does not show that the juror was put upon the defendant, or that he was challenged by the state for cause. For aught we know, he may have been peremptorily challenged by the state. Nor did the court err in refusing to ask the the juror if he had been indicted for murder in the past 12 months, as requested to do so by defendant's counsel. He had just testified that he had never been indicted, which was a complete answer to the question the trial court declined to ask.

The state had the right to show that defendant killed deceased with a pistol, which he had concealed before the difficulty, as there was evidence that defendant was the assailant and that the deceased had no deadly weapon drawn.—§ 4856 of the Code of 1896. It is true the Code prescribes a sperate form for charging murder in the second degree under this statute; but we do not understand that the state is precluded, under an indictment for murder in the first degree, from showing facts which would prove the offense as charged, or any lower degree in said offense. The case of *Henson v. State,* 114 Ala. 25, 22 South. 127, is not against the foregoing proposition. There the defendant was indicted for manslaughter in the first degree, and could not have been convicted of murder under any conditions, and it was

immaterial whether the pistol was concealed or not. Here he was indicted for murder in the first degree, and could be convicted for any lower degree of homicide, and the state had the right to make out a case of murder in the second degree, whether under said statute or not.

As to statements made to the physician by a party who is the subject of the inquiry, the rule of exclusion extends as to declarations of its cause, or the way in which it occurred; these being regarded as mere narratives of past events, which must be proved by other and independent evidence. But, from the necessity of the cause, he may testify to the party's statements as to his symptoms, the locality and character of the pain, and give an explanation of his bodily condition, made while suffering, and for the purpose of enabling the physician to form an opinion of the nature and extent of the injury.—*Birmingham Union R. R. Co. v. Hale,* 90 Ala. 8, 8 South. 142, 24 Am. St. Rep. 748; *Eckles v. Bates,* 26 Ala. 655; *Roosa v. Boston Land Co.,* 132 Mass. 439; *Cent. R. R. Co. v. Sutton,* 42 Ill. 438, 92 Am. Dec. 81. There was no error in permitting the physician to testify what the deceased said as to the feeling and condition of his stomach and legs.

The trial court did not commit reversible error in not allowing the defendant to prove by young Mann that he had trouble with defendant's children the day of the killing. It is true that, when a witness testifies against another, it is proper to permit testimony that would show hostility on the part of the witness towards the party against whom he has testified. But whether the rule should extend to trouble the witness had with defendant's children three years previous to the time of swearing we need not decide, for we think that this is a question that would come under the province of section 4333 of the Code of 1896, and that defendant was not injured by not getting an affirmative answer to the question. The jury knew that the witness was a son of the deceased, and the fact that he had trouble with the children could not have added in the least to the bias growing out of his relationship to the parties. Nor was there error in not permitting the question as to throwing rocks.—*Gregory v. State,* 140 Ala. 27, 37 South. 259.

A sufficient predicate was laid for the dying declaration of the deceased.

The trial court will not be reversed for sustaining an objection to the question, by defendant to witness McConnell, 'if he was as certain as he was of everything else he testified about." This court has tolerated such a question in the case of *Railway vo. v. Edmondson,* 135 Ala. 337, 33 South. 480, by holding that such a question may be asked, and that the trial court will not be reversed for permitting it, but did not hold that the trial court would be reversed for refusing to permit the question. We do not approve of that manner of cross-examination, to the extent of putting the trial court in error for not permitting it. Moreover, upon cross-examination, much is left to the trial court as to the latitude and range to test the sincerity and recollection of the witness.

There was no error in permitting the witness Patillo to testify that he helped carry Mann to his home.

There was no error in permitting the witness Norris to testify that he did not go with Tom Johnson and Howard Mann across old man Gregory's field the evening after the difficulty. Lola Gregory had testified that deceased threw the pistol in the field, and she saw these parties go over there that evening; the inference being that they went to get it. The state then had the right to show that they did not go through said field that evening or the next morning.

The defendant objected to the argument of the solicitor that deceased and his children were on their way to a Christmas tree when the difficulty occurred, because there was no evidence to support it. There was evidence to support it. Deceased's dying declaration, made to Patillo, stated that he was taking his two little boys to the Christmas tree. There was also evidence that the defendant mistreated his father, contained in the letter written by the deceased, and which the defendant introduced in evidence.

Charge 1, given at the request of the state, was not good under the statute. it does not comply with the statute.—§ 4856 of the Code of 1896. It pretermits the defendant having been the "assailant." True, it requires that he must have caused the difficulty; but that is not

sufficient to charge him with being the assailant. One may cause a difficulty, and yet not be the assailant. Our court, in the case of *Scales v. State,* 96 Ala. 75, 11 South. 121, defines "assailant," as used in the statute, to be one who "assails or assaults; the aggressor." One may provoke or cause a difficulty, yet at the time of its occurrence not be the assailant. The charge, however, was good as to murder in the second degree, regardless of the statute, as it hypothesizes facts that would not reduce the killing below murder.—*Scales' Case, supra; Mitchell v. State,* 60 Ala. 26; *Ex parte Brown,* 65 Ala. 446. So much of said charge as referred to murder in the first degree could do the defendant no harm, as he was acquitted of murder in the first degree.

There was no error in giving the other charges requested by the state.—*Jackson v. State,* 136 Ala. 22, 34 South. 188.

The record recites: "And upon said evidence, which is substantially all the evidence, the defendant requested the court in writing to give the jury the following written charges, to-wit." And then follows the charges, and at the conclusion this recital is found: "And the court then and there refused to give each, any, and all of said charges, and the defendant then and there duly excepted to the action of the court separately as to each and all of said charges." There is nothing to show that the charges were separately asked or separately passed upon by the court. The record does recite that the court refused to give "each, any, and all of said charges," and that defendant excepted separately to the court's refusal to give the charges. The court may have refused each, any, and all of said charges because asked in bulk, and because one or more of them may have been bad.— *Verberg v. State,* 137 Ala. 73, 34 South. 848, 97 Am. St. Rep. 17; *Bell v. State,* 140 Ala. 37, 37 South. 281; *Glover v. State,* 40 South. 354. It is sufficient to say that charge No. 1, refused to the defendant, was bad in failing to hypothesize the defendant's duty to retreat, and, as it was bad, the court had the right to refuse them all; it not appearing that they were separately asked.

The judgment of the circuit court is affirmed.

Tyson, C. J., and Dowdell and Simpson, JJ., concur.