(126 So. 417)

## HUFF v. STATE.
### 7 Div. 615.

Court of Appeals of Alabama.
Feb. 18, 1930.

Harvey A. Emerson and S. W. Tate, both of Anniston, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J.

Under the facts in this case, the defendant was in his own room at the time of the fatal shooting, and was under no duty to retreat, if he was free from fault in bringing on the difficulty. Harris v. State, 96 Ala. 24, 11 So. 255.

The evidence for the defendant tended to prove his plea of self-defense. Under this state of the evidence the court refused to give at the request of defendant in writing charge 7. This was error to a reversal. Bell v. State, 20 Ala. App. 425, 104 So. 443; Davis v. State, 214 Ala. 273, 107 So. 737.

The court evidently fell into error on the question of the burden of proof as to freedom from fault in provoking the difficulty. It appears in the oral charge that the court instructed the jury: "He must show that he was free from fault in bringing on the difficulty." This is not the law. The defendant must be free from fault in provoking the difficulty, in order to be entitled to invoke the doctrine of self-defense, but the burden of proof in this regard rests on the state and not the defendant.

The contention in brief that the court erred in admitting evidence of the details of a prior difficulty cannot here be considered, for the reason that no exceptions were properly reserved.

For the error pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.