(137 So. 457)

## HUFF v. STATE.

### 7 Div. 716.

Court of Appeals of Alabama.

Aug. 4, 1931.

Rehearing Denied Oct. 6, 1931.

S. W. Tate, of Anniston, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

RICE, J.

Appellant was convicted of the offense of manslaughter in the first degree, and sentenced to serve imprisonment in the penitentiary for the term of two years.

Upon a former trial, under the same indictment, he was convicted of the offense of murder in the second degree. The judgment of conviction rendered on that trial was reversed by this court. See Huff v. State, 23 Ala. App. 426, 126 So. 417.

We adopt as our own, and as being applicable here, the following language taken from the opinion in the case of Hargrove v. State, 147 Ala. 97, 41 So. 972, 973, 119 Am. St. Rep. 60, 10 Ann. Cas. 1126, to wit: "The [a] question raised is based on the refusal of the court to give the general charge requested in writing to find in favor of the defendant. It has often been ruled by this court that the general affirmative charge cannot be given, when the evidence affords inference adverse to the party requesting the charge. In such a case the question becomes one for determination by the jury. The evidence in the case before us offered inference of the defendant's guilt, and the court, therefore, properly refused the charge."

We discover nothing prejudicial to appellant in the rulings on the admission of testimony as to his being drunk, or drinking, at and before the time of the fatal rencounter. All the testimony as to his having been drunk, etc., earlier in the day, etc., was properly, sufficiently, and satisfactorily "ruled out," and testimony as to his condition, in this regard, at the time and place of the difficulty, was admissible as a part of the res gestæ.

Chief insistence, perhaps, is made that the judgment of conviction should be reversed because of the action of the trial court in overruling appellant's motion for a new trial, as on the ground of newly discovered testimony, etc. The said "newly discovered testimony" was such that it "tended only to discredit the (a) state's witness." Cosby v. State, 202 Ala. 419, 80 So. 803.

"Reversible error cannot be predicated of the action of the trial court in overruling a motion for a new trial based upon newly discovered evidence of that character, unless, upon the whole case, it appears to be probable that the new evidence would change the result, should a new trial be granted." Cosby v. State, supra.

We do not find that the new evidence in this case measures up to the rule. We therefore conclude that the trial court committed no error in the action mentioned.

Appellant's able counsel has argued to us, both in brief, and orally, that reversible error was committed by the court, in refusing to reopen the taking of testimony, after the

argument of the case, to the jury, had begun, and allow him to offer evidence tending to impeach the testimony of one Cicero Thompson, who, on behalf of the state, had testified to a threat, etc., made by defendant against the life of deceased. But said impeaching testimony was only to the effect that the witness Thompson had been heard to say, after he had given his testimony in the case, in substance or effect, that, "I would not have sworn against Jim (the defendant) like I did if it hadn't been for my mother, she got me to do it."

There was undisputed testimony already before the jury that this witness Thompson was "kind of nutty * * * he is (was) kind of off in the upper story." "Cicero Thompson might tell you one thing and swear another. He might tell you one thing on the outside of the Court House and go inside and swear another thing," etc.

In view of the above undisputed testimony, and, in the face of the statement of appellant's counsel that the jury trying the case "had five or six men on it, that would have made good Probate Judges," by which quaint statement he explained to us that he meant they were men of the very highest type of intelligence, morality, and integrity, we are far from being able to say the trial court abused its discretion in refusing to reopen the taking of testimony and admit that above mentioned. Code 1923, § 9490.

We have carefully examined every exception reserved, or ruling or action made, or taken. The record is regular. Appellant appears to have had a fair trial.

There is nowhere prejudicial error, and the judgment of conviction must be, and is, affirmed.

At least the above was, and is, my opinion, prepared originally for the court.

It now, in view of the majority opinion, prepared and promulgated by BRICKEN, P. J., becomes my reason for dissenting.

BRICKEN, P. J.

The majority of the court are of the opinion that error prevailed in overruling defendant's motion for a new trial. Grounds 4 and 5 of said motion were fully proven without dispute or conflict and are as follows:

"4. For that since the evidence closed in the case, and since one of the arguments was made by the State in the case, the defendant has discovered evidence which he did not know at the time of the taking of the testimony, and which he could not have known by the use of due diligence.

"5. For that since the evidence closed in the case, and since one of the arguments was made by the state in the case, the defendant has discovered evidence which he did not know at the time of the taking of the testimony and which he could not have known by the use of due diligence, and said evidence consisted of this: During the taking of the testimony Cicero Thompson, a witness for the State, told John Doss that he had not been on the witness stand yet, and he would not have sworn anything against the defendant if it had not been for the mother of Cicero Thompson, and the witness said he had to swear against Jim Huff because she, his mother, wanted him to do so."

The state witness Thompson testified on the trial to the effect that on the night before the killing next morning, the defendant, Huff, was at his (witness') home and told witness he would kill the deceased. And on the hearing of the motion for a new trial witness John Doss testified:

"I was out there at the door the day the defendant was being tried for murder. I know Cicero Thompson, a witness. He is the same Cicero Thompson that testified when this case was tried before. On Monday afternoon he walked up to the door and pulled it open and was standing there and I asked him if he had been put on the stand yet and he said he hadn't, then he said: 'You know, I would not have testified against Huff like I did if it hadn't been for my mother, my mother asked me to and that's the reason I testified like I did and you would, wouldn't you?' I said, 'I would have told it just like it was.' That was all that was said. I didn't tell Jim Huff about it that afternoon. I didn't tell anybody about until next morning, and the first person I told was S. W. Tate, the Attorney for Huff. It was not far from nine o'clock when I told him. He was on his way to the court house to argue the case at that time. I stopped him about eighty or a hundred feet from the court house and told him and that was the first time I told it. I had not told Jim Huff or any lawyer or anybody connected with the case until I told S. W. Tate that morning." And upon cross-examination this witness testified: "Thompson and I were at the door before he testified. What he said was this: 'You know I wouldn't have testified against Huff like I did if it hadn't been for my mother, my mother asked me to and that's the reason I testified like I did and you would too.' I said, 'I would have told it just like it was;' and walked off left the boy."

Witness Thompson's mother referred to is the mother also of the widow of the deceased man Pounds.

The foregoing testimony was not denied or in any manner disputed, and we are of the opinion that the motion for new trial by defendant should have been granted, and that the substantial ends of justice require this order at our hands. We are clearly of the opinion that the newly discovered evidence, under the undisputed facts of this case, was

highly important, and if this evidence had been before the jury, its effect might have caused the jury to render a different and more favorable verdict for defendant. The newly discovered evidence was without dispute. It was not cumulative in the sense the law implies to that term. It was further fully established that the failure to earlier discover this evidence was not due to want of diligence upon the part of the defendant, or his counsel. Under these conditions, this appellant was entitled to the benefit of this material evidence.

It affirmatively appears that this matter was brought to the attention of the court by appellant's counsel while the trial was in progress and immediately upon having been told of the statement. Also that appellant insistently undertook to be allowed to introduce this evidence before the jury, but was not allowed to do so.

For the error in overruling defendant's motion for a new trial, the judgment of conviction from which this appeal was taken is reversed, and the cause remanded. Inman v. State, 22 Ala. App. 344, 115 So. 704.

Reversed and Remanded.

RICE, J., dissents.