194 So. 857

## HOWARD v. STATE.

### 3 Div. 313.

Supreme Court of Alabama.

March 21, 1940.

H. C. Rankin, of Brewton, for petitioner.

Thos. S. Lawson, Atty. Gen., opposed.

THOMAS, Justice.

The certiorari sought review of the decision by the Court of Appeals in Charlie Howard v. State of Alabama, 194 So. 853.

We are in accord with the decision rendered. It is perhaps unnecessary to add

thereto. However, it is urged that refused charges present error.

■ Refused charges 1 and 6 are fully covered by the oral charge and the opinion of the Court of Appeals. This was sufficient. Orr v. State, 236 Ala. 462, 183 So. 445.

■ Refused charge 9 as set out in the record is incomplete by the omission of the material word "suffering."

■ Refused charge 15 was properly refused as not fully stating the material elements of self defense.

The authorities in this and other jurisdictions are collected in 18 A. L. R. p. 1287, as supporting the rule, as follows:

"The rule that one is not bound to retreat if he believes, on reasonable grounds, that his life is in imminent danger, is somewhat restricted in some jurisdictions, and it is held that, although a person believes on reasonable grounds that his life is in imminent danger, he must retreat as far as he reasonably can before taking the life of his assailant. But, if the danger is so imminent that there is no probable means of escape, he is justified in standing his ground, and, if necessary, slaying his assailant.

"Alabama.—Henderson v. State (1884) 77 Ala. 77; Blackburn v. State (1888) 86 Ala. 595, 6 So. 96; Keith v. State (1893) 97 Ala. 32, 11 So. 914; Dorsey v. State (1894) 107 Ala. 157, 18 So. 199; Compton v. State (1895) 110 Ala. 24, 20 So. 119; Bluett v. State (1907) 151 Ala. 41, 44 So. 84. See also Hutcheson v. State (1910) 170 Ala. 29, 54 So. 119; Hill v. State (1915) 194 Ala. 11, 69 So. 941, 2 A. L. R. 509; Watson v. State (1916) [15] Ala.App. [39], 72 So. 469 [569]. Compare Beasley v. State (1913) 181 Ala. 28, 61 So. 259."

There was no error in refusing charge 15. The subject was later touched in Kuykendall v. Edmondson, 208 Ala. 553, 94 So. 546, 548, as follows: "The facts averred and on which are sought to be rested the elements of self-defense—freedom from fault and retreat (Madry v. State, 201 Ala. 512, 78 So. 866)—were properly alleged in some, if not in all, of said pleas. This is not the fact as to the sufficiency of averment, in the matter of facts showing imminent peril or the reasonable appearance thereof, of defendant at the time of the homicide. Glass v. State, 201 Ala. 441, 78 So. 819. As elements of self-defense, not only must a defendant (a) have entertained an honest and bona fide belief of the existence of the necessity, actual or apparent, to act as and when he did; (b) but the circumstances surrounding the actor at the moment before and that of the doing of the act resulting in the homicide must have been such as to impress a reasonable man, so circumstanced, with the belief of imminent peril to his life or limb. Hill v. State, 194 Ala. 11, 28, 69 So. 941; 2 A. L. R. 509; Matthews v. State, 192 Ala. 1, 4, 68 So. 334; Poe v. State, 155 Ala. 31, 46 So. 521; Jones v. State, 76 Ala. 8, 17; Storey v. State, 71 Ala. 329.

The subject was later discussed by this court in Walker v. State, 223 Ala. 294, 296, 135 So. 438, 440, as follows:

"Charges of the nature, if not in the identical language of this charge 4, have been considered by this court in several cases. In the case of Goodwin v. State, 102 Ala. 87, 99, 100, 15 So. 571, though the meaning of necessity as implying an exclusion of an opportunity to retreat is noted, it is said that it should not be given except when the evidence shows that there was no such duty to retreat. Goldsmith v. State, 105 Ala. 8, 13, 16 So. 933. See, also, Hill v. State, 194 Ala. 11, 69 So. 941, 2 A. L. R. 509. In Webb v. State, 100 Ala. 47, 14 So. 865, 867, the court said the charge is faulty, 'in that it ignored altogether the duty of retreat,' and cited Keith v. State, 97 Ala. 32, 11 So. 914, and the Gibson and Holmes cases, supra. [Gibson v. State, 89 Ala. 121, 8 So. 98, 18 Am.St.Rep. 96; Holmes v. State, 100 Ala. 80, 84, 14 So. 864.] In the Keith Case the charge was said to state the law correctly.

"Going back to our statement made above that when properly considered it does not in fact ignore the doctrine of retreat, it does not expressly refer to it, and therefore may be refused without error, as having a misleading tendency when the circumstances make the duty of retreat a question for the jury to be ascertained from the evidence and especially when the court has otherwise instructed the jury on the several matters embraced in the charge."

The petition for certiorari is denied.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.