35 So.2d 617

## RICE v. STATE.

### 2 Div. 253.

Supreme Court of Alabama.

May 20, 1948.

639

DeGraffenried & McDuffie, of Tuscaloosa, for appellant.

A. A. Carmichael, Atty. Gen., and Thos F. Parker, Asst. Atty. Gen., for the State.

STAKELY, Justice.

Howard Rice was indicted, tried and convicted in Greene County for the murder of Neet Means, alias John Means, alias John Colvin.

The defendant was arraigned September 18, 1947, and plead not guilty and not guilty by reason of insanity. He was tried and convicted October 1, 1947. On October 1, 1947, the day of the trial, the defendant filed a demurrer to the indictment. The indictment is in code form and is sufficient. The court granted the motion of the state to strike the demurrer. In this ruling there was no error. 22 C.J. S., Criminal Law, § 421, page 648; Whittle v. State, 205 Ala. 639, 89 So. 43. The defendant made a motion to quash the indictment on the ground that it was not dated as provided for under § 250, Title 15, Code of 1940. The court overruled the motion. In this ruling there was no error as the provisions of the statute with reference to dating are merely directory. Stanley v. State, 88 Ala. 154, 7 So. 273.

The defendant made a motion to quash the venire for the reason that it shows that the defendant was charged with murder without showing the degree of murder. The court overruled this motion. The motion was properly overruled. § 46, Title 30, Code of 1940; Wimbush v. State, 237 Ala. 153, 186. So. 145; Burns v. State, 246 Ala. 135, 19 So.2d 450. The defendant made a motion for a continuance. There is nothing to show that in this ruling the court abused its discretion. Gast v. State, 232 Ala. 307, 167 So. 554. The same ob-

servation can be made with reference to the ruling of the court denying a motion to stay the trial and asking the court to appoint "specialist practitioners," to report on defendant's insanity. Oliver v. State, 232 Ala. 5, 116 So. 615; Gast v. State, supra; Burns v. State, supra.

On an afternoon in August, 1947, the deceased had attended a ball game in Greene County and after the game was seated on the ground beside the road with two other negroes when a charge from a shotgun, fired by defendant, entered the back of his shoulder. The wound caused his death.

The defendant came to the ball park about 6 P.M. and got behind an old sheep shed behind the three men who were seated on the ground. He took aim and then lowered his gun and then took aim again and shot. According to his own testimony, he was shooting at the deceased. After the shooting he left the scene and later in the evening surrendered to the sheriff.

■ According to the testimony of the defendant several hours prior to the shooting, the deceased abused and threatened the defendant and drew a pistol on him and told him he would kill him at another place. In support of this contention, the defendant submitted affidavits with respect to newly discovered evidence in support of a motion for a new trial. The court overruled the motion which we think was without error.

■ It was held in Jimmerson v. State, 133 Ala. 18, 32 So. 141, 144, that "mere apprehension of imminent danger, caused by acts or demonstrations of the deceased, or by threats, coupled with his acts or declarations, is not sufficient to justify homicide." It was also held in the case of Langham v. State, 12 Ala.App. 46, 68 So. 504, certiorari denied 192 Ala. 687, 68 So. 1019, that knowledge of threats and of the violent character of the deceased does not justify aggressive action by the defendant, in the absence of an overt act or demonstration by the deceased. In the case of a homicide, to justify the killing, it is not sufficient that the deceased had the means at hand to effect a deadly purpose, "but that, by some act or demonstration he in-

dicates at the time of the killing, a present intention to carry out such purpose, thereby inducing a reasonable belief, on the part of the slayer, that it is necessary to deprive him of life to save his own." Harrison v. State, 24 Ala. 67, 60 Am.Dec. 450. See also Beasley v. State, 181 Ala. 28, 61 So. 259; Dupree v. State, 33 Ala. 380, 74 Am.Dec. 422.

■ According to the defendant's own evidence in this case, he shot the deceased while he was sitting down, and while deceased was not making any demonstration whatsoever toward the defendant. There is no element of self defense in this case, and, therefore, all the evidence with respect to threats by the deceased and the possession by the deceased of a pistol some time before the shooting was irrelevant and immaterial. It is true that there was no motive established by the state for the killing. However, there is no burden or duty on the part of the state to establish a motive. Arnold v. State, 18 Ala.App. 453, 93 So. 83; King v. State, 19 Ala.App. 153, 96 So. 636, certiorari denied Ex parte King, 209 Ala. 446, 96 So. 639; McDonald v. State, 241 Ala. 172, 1 So.2d 658.

■ The state might well have relied upon the testimony of the defendant to the effect that he had been threatened with a pistol and was motivated by such threat to kill the deceased. The jury could infer that the homicide had all the evidence of murder in the first degree, malice, premeditation and deliberation. The defendant located the deceased, placed himself within reasonable distance behind him and behind a shelter, took aim once, and not being satisfied with his aim, took aim the second time and pulled the trigger.

■ Counsel insist that the punishment given the defendant is too severe under all the circumstances of the case. We do not have the power to reduce the punishment nor can we say in this case that the verdict is contrary to the great weight of the evidence. The defense of insanity was not well substantiated. At best the wife and mother of the defendant and one or two others testified that at times he had spells and did not appear normal. There was ample evidence of his sanity. If there are extenuating circumstances in

the case, these are matters for executive consideration on a petition for clemency.

Affirmed.

All the Justices concur.