The defendant was indicted for the first degree murder of Ronnie Tippins by stabbing him with a knife. A jury convicted him of murder in the second degree and fixed punishment at ten years' imprisonment. Two issues are raised on appeal.
 I
Initially the defendant contends that the trial judge's instructions to the jury on the presumption of malice from the use of a deadly weapon unconstitutionally shifted the burden of proving the element of malice to the defendant.
The trial judge charged the jury on the element of malice.
 "Malice means done with fixed hate or with wicked intention or motive not the result of sudden passion. That is a definition of actual malice; but the word *Page 768 
malice as used in this statute which defines murder has a broader meaning than that. It includes not only actual malice but includes what we call legal or implied malice. And in a broader sense, it means a state or condition of mind which prompts a person to do an unlawful act without legal justification or extenuation. Now, every intentional and unlawful killing of a human being is presumed to be done with malice aforethought unless the circumstances that surround the killing rebut the idea of malice. Every intentional and unlawful killing of a human being with a deadly weapon, such as any type firearm, or knife, or stick, is presumed to be done with malice, unless the evidence which proves the killing rebuts the presumption of malice. So, if a person intentionally and unlawfully kills another by the use of a deadly weapon, such as shooting him with a gun or stabbing him with a knife, he would be guilty of murder in either the first or second degree, unless there are certain circumstances and facts which surround the killing which rebut the idea of malice."
The judge also charged the jury on the principles that the defendant is presumed innocent; that the burden of proof is upon the State to show the defendant's guilt beyond a reasonable doubt and to a moral certainty; that the person claiming self-defense "takes on himself the duty of offering some evidence" of self-defense, "unless the evidence offered by the State showing the killing also supplies such evidence." The court charged:
 "He (the defendant) is never under any duty to offer any evidence to show that he was free from fault or show that he did not provoke the difficulty except as may become necessary to meet the evidence which offered by the State that he was not free from fault, or to show that he did provoke the difficulty."
The trial judge also gave a number of written charges requested by the defendant which, among other things, instructed the jury that the defendant is presumed innocent; that "the burden of proof in this case rests with the prosecution from beginning to end of trial to establish beyond a reasonable doubt every fact essential to the conviction of the defendant. The defendant has no burden to sustain"; and finally that:
 "In connection with the question of self-defense you are to presume and assume that the defendant was free from fault in bringing on the difficulty, and the burden is on the State, to prove beyond a reasonable doubt that the defendant was not free from fault in bringing on the difficulty."
In Jacobs v. State, 361 So.2d 607 (Ala.Cr.App. 1977) affirmed, 361 So.2d 640 (Ala. 1978), this Court faced the same argument as the defendant now raises.
 "In Strong v. State, 52 Ala. App. 237, 291 So.2d 325, this Court held:
 "`Malice is an essential ingredient of murder. As a general rule, it is an inferential fact not susceptible of positive or direct proof. It arises by inference from other facts proven, and in the trial of cases of homicide is to be drawn by the jury, unless the evidence shows, without room for adverse inference, that the killing was intentional, and was accomplished by the use of a deadly weapon which, as a matter of law, may be pronounced a deadly weapon. Mitchell v. State, 60 Ala. 26; Wallace v. State, 41 Ala. App. 65, 124 So.2d 110; Hackmen v. State, 41 Ala. App. 642, 148 So.2d 253; Kemp v. State, 278 Ala. 637, 179 So.2d 762; Brand v. State, 46 Ala. App. 41, 237 So.2d 524; Smith v. State, 47 Ala. App. 513, 257 So.2d 372.
 "`In Jones v. State, 13 Ala. App. 10, 68 So. 690, the Court of Appeals, per Brown, J., said:
 "`"Where the killing results from the intentional use of a deadly weapon — that is, a weapon which the court may pronounce such as a matter of law, such as a gun or pistol of sufficient caliber and carrying force as to produce death — and the evidence which proves the killing does not at least afford room for an inference rebutting the presumption of malice *Page 769 
arising from the use of such weapon, it is then incumbent on the defendant to rebut that presumption by other evidence. If he fails in this burden, the presumption is conclusive against him, and no duty devolves upon the trial court to instruct the jury on any degree of homicide less than murder. Gafford v. State, 125 Ala. 1, 28 So. 406; Hornsby v. State, 94 Ala. 55, 66, 10 So. 522; Hadley v. State, 55 Ala. 31, 37; Mitchell v. State, supra; Gibson v. State, 89 Ala. 121, 8 So. 98, 18 Am.St.Rep. 96; Rogers v. State, 117 Ala. 9, 22 So. 666."'
 "We hold the trial court's oral charge to the jury on the presumption of malice from the use of a deadly weapon was correct in every respect. Jones v. State, quoted in Strong, supra."
Jacobs, 361 So.2d at 625.
As in Jacobs, we think that "a careful reading of the Court's charge to the jury makes crystal clear the burden of proof never shifted from the State to the defendant." Jacobs, 361 So.2d at 624. The charge was not offensive to the principles expressed in Sandstrom v. Montana, 442 U.S. 510, 99 S.Ct. 2450,61 L.Ed.2d 39 (1979), and Mullaney v. Wilbur, 421 U.S. 684,95 S.Ct. 1881, 44 L.Ed.2d 508 (1975).
 II
The evidence shows that the defendant had been living with Josie McRath and her five children for six months prior to the murder and that Mrs. McRath had lived in the apartment for eighteen months before the defendant moved in. Although this appears undisputed, the defendant testified that he "had [his] own house." This was not explained.
In his oral charge to the jury on self-defense, the trial judge instructed on the duty of retreat and further charged:
 "[B]ut this does not apply if you are in your own home, your own abode, and you are not required to flee from your home. So, if you believe that this incident occurred in the home or abode of where the defendant, Michael Douglas Sims, lived, then he was under no duty to retreat. . . ."
On appeal, the defendant contends that his requested charge number 36 should have been given as it correctly states the law of self-defense that was applicable in this case. Charge 36 does not mention a duty to retreat and is as follows:
 "It is not necessary under the evidence in this case that the Defendant should have actually been in danger of death or great bodily harm at the time he stabbed the deceased in order for him to be justified in stabbing the deceased. He had a right to act upon the appearance of things at the time, taken in the light of all the evidence; he had the right to interpret the conduct of the deceased in the light of any threats or prior aggressive actions of the deceased that the evidence shows the deceased to have made against the defendant. If the circumstances attending the stabbing were such as to justify a reasonable man in the belief that he was in danger of great bodily harm or death, and he honestly believed such to be the case, then he had a right to stab the deceased in his own defense, although as a matter of fact he was not in actual danger; and if the jury believes that the defendant acted under such conditions and circumstances as set out above, the burden of showing that the defendant was not free from fault in bringing on the difficulty is on the state, and if not shown the jury should acquit the defendant."
Defendant's requested charge 36 was approved in Watts v.State, 177 Ala. 24, 33, 59 So. 270 (1912); Davis v. State,214 Ala. 273, 277, 107 So. 737 (1926). This charge was later disapproved because it omitted the element of retreat. Smith v.State, 230 Ala. 18, 21, 158 So. 808 (1935); Bowman v. State,35 Ala. App. 420, 426, 47 So.2d 657 (1950). Here the element of retreat is not involved, it being undisputed that the killing took place in the apartment where the defendant was living, so this charge constitutes a correct statement of the law under the facts of this case. *Page 770 
However, requested charge 36 was properly refused. The charge embraces several principles of law. The trial judge's oral instructions fully and completely covered the principles that the burden of showing freedom from fault and apparent danger was on the State. Some principles included in requested charge 36 were also covered in some of the given requested charges. Consequently, the refusal of charge 36 was proper.
 "Where a requested charge states several distinct propositions of law, the court may properly refuse it if some of them are fully covered in his oral instructions." Nolen v. State, 376 So.2d 1145, 1147
(Ala.Cr.App.) cert. denied, 376 So.2d 1148
(Ala. 1979).
There was no objection to the oral instructions on the principle of retreat and there was never any oral request that the jury be instructed that the defendant had no duty to retreat. Defendant's requested charge 14 is the only instance of record where the judge was requested to instruct that the defendant was not required to retreat under the facts of this case. However, this charge was specifically disapproved inJohnson v. State, 257 Ala. 644, 647, 60 So.2d 818 (1952), for its failure to hypothesize the jury's conclusion on a belief from the evidence.
Generally, in a homicide case in which the evidence shows conclusively that the defendant is under no duty to retreat it is error for the court to charge the ordinary rule that requires a retreat and the exceptions wherein a retreat is not required without declaring that the defendant owed no such duty. Wilkinson v. State, 361 So.2d 400, 404 (Ala.Cr.App.), cert. denied, 361 So.2d 405 (Ala. 1978). "If the [trial] court is in error in what it does say in its oral instructions, the remedy is only be way of exceptions [objections] thereto."Passmore v. State, 47 Ala. App. 189, 190, 252 So.2d 115, 116
(1971). In the absence of a request, objection or exception, alleged error in the trial court's failure to instruct cannot be raised for the first time on appeal. Peterson v. State,227 Ala. 361, 150 So. 156, cert. denied, 291 U.S. 661,54 S.Ct. 439, 78 L.Ed. 1053 (1933); Hurst v. State, 356 So.2d 1224, 1237
(Ala.Cr.App. 1978) (failure to instruct that a person who is attacked in his own home does not have a duty to retreat).
We have carefully searched the record and found no error prejudicial to the defendant. The judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur.